## EVANS & CO. *v.* HOLT & HART.

PRACTICE.  *Jurisdiction of Chancery Court to vacate satisfaction of judgment.*
A Court of Chancery has jurisdiction to set aside satisfaction of
judgments where the property has been lost by paramount title or
prior lien enforced against it.  Thus, where judgment creditors re-
deemed land sold under execution as the property of their debtors,
and in doing so satisfied their judgment against them, and the land
was afterwards sold to enforce a prior lien upon it, created by attach-
ment in favor of other creditors of the defendants,

*Held,* That complainants were entitled to have the order of satisfaction
vacated and set aside, and their judgment restored to full force.

Case cited: Swaggerty *v.* Smith, 1 Heisk., 403.

Code cited: §2990.

### FROM BEDFORD.

No record can be found.

NICHOLSON, C. J., delivered the opinion of the Court.

Evans & Co., being judgment creditors of B. D.
Holt and Stephen Hart, redeemed a tract of land sold
as the property of Holt, and bought by James Reep,
they also advanced the amount of their judgment on
the land, and the same was thereby satisfied.

But prior to the purchase of the land by Reep
under execution sale, P. R. Runnels had filed his at-
tachment bill against Holt and others, and had his
attachment levied on the same land purchased by Reep.
Runnels finally succeeded in his suit against Holt, and

the land was sold to satisfy the lien created by the attachment of Runnels.

Evans & Co. now file their bill, and ask the Court, upon these facts, to vacate and set aside the order satisfying their judgment against Holt and Hart, by reason of their redemption from Reep, and that their judgment may be restored to full force.

The prayer of complainants is resisted by defendants on two grounds: First, they deny the jurisdiction of the Court of Chancery to set aside the satisfaction of the judgment upon the facts stated. And second, they insist that the judgment was fully paid off and satisfied by the proceeds of notes and other claims placed in the hands of Evans & Co., as collateral security.

The facts in the present case, so far as the first question is concerned, are the same as in the case of *Swaggerty* v. *Smith*, 1 Heisk., 403; but that was a proceeding under §2990 of the Code, by *scire facias*, to set aside the satisfaction. The Court held that it was not competent in that proceeding to make the remedy available, "unless it has been ascertained in another proceeding, instituted by or against the plaintiff, by a competent tribunal, that the creditor got nothing by the sale, on account of the failure of the title of the debtor to the property sold." We cannot undertake, in this case, said the Court, "to determine whether there are prior liens, or attachments, or executions subsisting upon said lands, which would defeat the plaintiff's title acquired by his purchase." The Court, however, added that "the plaintiff is not with-

Evans *v.* Holt.

out his remedy." The remedy alluded to was in equity, which was afterwards resorted to, and the satisfaction of the judgment set aside, because the plaintiff got nothing in consequence of the land having been taken under the prior lien of an attachment.

That case has been so repeatedly followed in unreported cases, that it is now settled that the Chancery Court has jurisdiction in such cases to afford relief by setting aside satisfaction of judgments where the property has been lost by paramount title enforced, or by prior lien enforced.

The decree of the Chancellor on this point was erroneous, and will be reversed; but the cause will be remanded, that an account may be taken to ascertain whether the complainants used proper diligence in the collection of the collaterals placed in their hands, and whether the judgment of complainants has been paid and satisfied in whole or in part.

The costs of this Court will be paid by defendants.