Frank S. Bressler *et al.*

*v.*

John Martin *et al.*

*Filed at Ottawa May 14, 1890.*

1. FORECLOSURE OF MORTGAGE—*as to one of a series of notes—whether a bar to a further foreclosure.* The foreclosure of a mortgage given to secure two notes due at different times, as to the note first due, by the holder of both notes, after the maturity of the second note, and judgment thereon, is no bar to· a second bill to foreclose the mortgage for the amount due on the judgment.

2. SUBROGATION—*purchaser discharging prior mortgage—intervening judgment lien.* Where a purchaser of land, by arrangement with his vendor, applies a portion of the purchase price upon·a mortgage of the vendor, whereby the debt of the latter is discharged and the mortgage satisfied, such purchaser, in equity, will be entitled to be subrogated to the rights of the mortgagee as against an intervening judgment creditor of the vendor, and to enforce the original mortgage lien as against the lien of the judgment, although the mortgage may be formally released.

3. JUDGMENT LIEN—*its extent—whether upon a mere equity of redemption, or upon land.* After the discharge of a mortgage on the lands of a debtor, the holder of a judgment made a levy of his execution on the land, and not on the mere equity of redemption, and became the purchaser, whereby his judgment was satisfied. The person discharging the mortgage was subrogated to the rights of the mortgagee, and the sale on execution was set aside as to the rights of the party subrogated : *Held,* that the lien of the judgment thus defeated was not upon the equity of redemption, merely, but upon the land itself.

4. SALE ON EXECUTION—*subject to prior mortgage—rights of purchaser.* Where mortgaged premises are levied upon by a judgment creditor of the mortgagor, and purchased by him in satisfaction of his judgment, the mortgage being of record, and there being no fraud on the part of the defendant in execution, the purchaser will take the property subject to the mortgage, and can not afterward have the satisfaction of his judgment set aside, and a new execution.

5. But when the title of property purchased by the plaintiff in execution fails, or the property is taken under a prior lien or equity, he may, in a court of equity, have the sale set aside, vacate the satisfaction of the judgment and have another execution, and have the lien of his judgment revived.

6. NOTICE—*to purchaser pendente lite.* A purchaser of land pending litigation to have avoided, by a prior equity, a judicial sale of land, which sale satisfied a judgment against the vendor of such purchaser, will be chargeable with notice that if the sale is defeated the judgment creditor will be entitled to have his judgment lien revived.

APPEAL from the Appellate Court for the Second District;—heard in that court on appeal from the Circuit Court of Whiteside county; the Hon. JOHN D. CRABTREE, Judge, presiding.

This is a chancery proceeding which originated in the circuit court of Whiteside county on bill to foreclose a mortgage, appellee Adam Smith being complainant, and appellants, with their wives, and appellee John Martin, defendants. The bill contains the formal allegations that John Martin, Frank S. Bressler, and Kate Bressler, his wife, have or claim to have some interest in the mortgaged premises as purchasers, etc., which interest, if any, accrued subsequent to the mortgage of complainant. Peter Bressler and wife are made defendants, as mortgagors, and it is averred that on the 20th day of May,

1881, they executed to complainant a mortgage on 1040 acres of land therein described, situated in said Whiteside county, to secure four promissory notes of even date—one for $1500, due eighteen months from date; one for $1500, due two years and six months after date; one for $927.90, and another for $700, each due four years and six months after date; that shortly after their execution, the two notes first mentioned were delivered to one Henry Smith, who had filed a bill to foreclose the said mortgage on the first, and which was then pending in the said circuit court; that said Henry Smith had, on the 5th of September, 1884, obtained a judgment at law against said Peter Bressler, on the second note, for $1655, which had been assigned to complainant. The amount of said judgment ($1961.25) and the last two named notes ($2054.77) are alleged to be due and owing the complainant. The bill also avers the execution of three prior mortgages by Peter Bressler and wife, on the said 1040 acres, each being on separate parts thereof, to the Ætna Life Insurance Company, to secure the sum of $20,700.

Frank S. Bressler and wife, by way of defense to so much of the bill as seeks to foreclose for the amount due on said judgment, pleaded the foreclosure proceeding by Henry Smith on the said first note, in bar, the theory of the plea being, that when that bill was filed,—November 22, 1883,—the second note merged in said judgment was due. They also set up, by way of answer, that on the 1st of July, 1884, Peter Bressler conveyed to the defendant Frank S. Bressler all of the lands described in the said bill, except 220 acres, by virtue of which conveyance Frank S. succeeded to all the rights of said Peter in and to said lands.

John Martin answered the original bill, and filed a cross-bill, by which he seeks relief against appellants, only. In that, he avers that on the 15th day of March, 1883, he recovered a judgment against Peter Bressler for $3395; that upon an execution issued thereon, 220 acres of said mortgaged premises

were, on June 13, 1883, levied upon, and July 14 thereafter, at sheriff's sale, struck off and sold to him for $2035, in full satisfaction of the balance then due on his said judgment, and the execution returned satisfied; that afterward, in the foreclosure proceeding mentioned in the original bill, wherein Henry Smith was complainant, on a cross-bill filed by James Dinsmoor, the certificate of purchase received by him at said sheriff's sale was cancelled, the sheriff's sale set aside, and said Dinsmoor subrogated to all the rights of the Ætna Insurance Company under said prior mortgage, and he given a first lien on said 220 acres for the sum of $5658.22, and said land ordered sold to satisfy said sum, whereby he (Martin) wholly lost said land. The conveyance by Peter to Frank S. Bressler is charged to have been made without consideration, and for the purpose of defrauding complainant in said cross-bill, and other creditors of Peter Bressler. Also, that Frank S. purchased with full knowledge of the rights of Martin. The prayer of this cross-bill is, that the satisfaction of said judgment resulting from said sale of lands be vacated and set aside, and that execution be ordered to issue for the collection of the balance due on said judgment; that the deed of said Frank S. be vacated and set aside as to such execution.

A demurrer to this cross-bill having been overruled, Frank S. Bressler and wife, and Peter Bressler, answered. They deny that Martin lost the land purchased by him at said execution sale, but aver that at the date of his said judgment the said land was incumbered by said mortgage to the Ætna Life Insurance Company, filed for record May 5, 1881, for the sum of $8200, and said mortgage to Adam Smith, filed for record May 21, 1881, and that the levy of said execution of said Martin was only upon the equity of redemption of said Peter Bressler in said land, and by his said purchase, he (Martin) only obtained a right to redeem from said mortgagee; that the cancellation of his certificate of purchase did not extinguish his lien upon said equity of redemption, but merely postponed

the same to that of Dinsmoor; that he lost no right by the cancellation of his certificate, but was thereby left the same rights as he had at the date of the recovery of his judgment. They by their answer insist that said judgment was not only satisfied in form by said sale, but that it was in fact thereby paid off, and aver that he made said purchase with full knowledge of all the facts as to the rights of said mortgagee and said Dinsmoor. They deny all the allegations of said cross-bill, charging the conveyance from Peter to Frank S. to be fraudulent. They also set up in bar of said cross-bill, that on the 3d day of September, 1883, said Dinsmoor filed a motion in the suit at law in which Martin obtained his said judgment against Peter Bressler to vacate said levy of said execution on said 220 acres, insisting that the relief sought by this cross-bill presents for adjudication the same question which was presented by said motion. They further set up in bar the proceedings had under the cross-bill of said Dinsmoor in the foreclosure proceedings by Henry Smith, which they say were as follows: On November 20, 1883, said Henry Smith filed his bill against said Dinsmoor and others, by which he sought to foreclose a mortgage on certain lands then belonging to said Peter Bressler, including said 220 acres, to which Dinsmoor filed his answer, and on May 27, 1884, his cross-bill against said Martin, alleging that on the 8th of March, 1883, he (Dinsmoor) purchased of said Peter said 220 acres, and received a deed therefor, which was recorded on the 23d of said month, said lands, with others, amounting in all to 1040 acres, being incumbered by a first mortgage to the Ætna Life Insurance Company, for $20,700; that at the time Dinsmoor purchased said land, he was required, as a part of the consideration, to apply the purchase money ($7700) on said mortgage, and did apply $5000 in reduction of $8200 resting on part of said 1040 acres, including said 220 acres so purchased. Said cross-bill also averred the recovery of Martin's said judgment, the issuing of execution thereon, the levy, sale and purchase by

Martin, and the issuing to him of a certificate of purchase, and the return of said execution satisfied; that the prayer of said cross-bill was, that Dinsmoor might be subrogated to all the rights and equities of said insurance company, and declared to have a first lien upon said lands so purchased by him, for the sum of $7700 and interest since March 26, 1883, and that said certificate of purchase be cancelled; that Martin answered the same, admitting the said judgment, execution and sale, but denying that Dinsmoor was entitled to subrogation, and claiming that the rights of the parties were adjudicated on the hearing of said motion in the said common law case; that Dinsmoor filed a replication to said answer, and a hearing was had July 8, 1884, resulting in a finding that Dinsmoor had a first lien, for the sum of $7700 and interest, on said 220 acres, and ordered that said Martin, or some one of his co-defendants, pay said sum within twenty days, or, in default thereof, that said premises be sold to satisfy said lien, that said certificate of purchase be cancelled, and said sale vacated; that Martin appealed, first to the Appellate Court, and then to this court, where the cause was remanded to the circuit court, with directions; that the circuit court, in pursuance of such directions, on December 20, 1887, entered a final decree, subrogating said Dinsmoor to the rights and equities of said insurance company in and to its said mortgage, to the amount of $5658.22, and interest since March 26, 1883, and in all other respects decreeing as before. The answer avers. that said decree is in full force, and the matters in regard to the levy, sale and satisfaction of said Martin's judgment, which he now seeks to litigate and have determined, were fully adjudicated in said cause wherein said decree was rendered.

Replications being filed to the several answers to the original and cross-bills, a hearing was had on the bill, answers and replications, cross-bill, answers and replications, and evidence reported by the master, and a decree rendered finding the amount due complainant Adam Smith to be $4348.23, being

the amount due on said judgment and said two notes, and
ordering that the same be paid by said Peter Bressler within
thirty days, and in default thereof, that the lands described in
the bill be sold.    On the cross-bill, it was decreed that the
deed from Peter Bressler to Frank S. Bressler be set aside as
against John Martin, and that so much of the satisfaction of
the judgment of the said Martin as was caused by the sale on
July 14, 1883,—being the sale of the 220 acres,—be vacated
and set aside, and he have execution on said judgment against
Peter Bressler, and that the sheriff levy upon and sell said real
estate to pay said judgment, interest and costs.    On appeal
to the Appellate Court for the Second District, appellee Adam
Smith entered his motion in that court to release the lien of
said decree in his favor as to so much of said 1040 acres as
had been sold under said decree in favor of said Dinsmoor,
and also as to so much thereof as had been sold on the said
foreclosure proceeding by Henry Smith, which motion was by
said Appellate Court allowed, and as to such parts of said
lands said decree was annulled.    In all other respects the de-
cree of the circuit court was affirmed.    From that judgment
of affirmance Peter Bressler and Frank S. Bressler appeal to
this court.

The evidence reported by the master established the facts
substantially as they appear in the pleadings, except on the
issue as to whether the conveyance to Frank S. was fraudu-
lent, upon which it is conflicting.

Mr. C. L. SHELDON, and Mr. JARVIS DINSMOOR, for the ap-
pellants:

It was error to vacate the satisfaction of the Martin judg-
ment, for the reason this matter had already, or might have
been, litigated in the prior proceedings, and had therefore be-
come *res judicata.*

A court of law has the same power to set aside a sale under
execution and vacate the satisfaction of a judgment as a court

of equity. *Watson* v. *Reissig,* 24 Ill. 281; *Mason* v. *Thomas,* id. 285.

When a party has a complete remedy at law, a court of equity will not take jurisdiction. *Chittenden* v. *Rogers,* 42 Ill. 95; 1 Herman on Estoppel, sec. 399.

*Res judicata* embraces not only what was actually determined, but extends to every other matter which, under the issues, the parties might have litigated in the case. 1 Herman on Estoppel, secs. 125-127; *Hamilton* v. *Quimby,* 46 Ill. 94; *Rogers* v. *Higgins,* 57 id. 247; *Kelly* v. *Donlin,* 70 id. 378; *Hanna* v. *Read,* 102 id. 596; *Tilley* v. *Bridges,* 105 id. 337; *Mueller* v. *Henning,* 102 id. 646; *Neff* v. *Smyth,* 111 id. 110; *Bennitt* v. *Mining Co.* 119 id. 9; *Harmon* v. *Auditor,* 123 id. 122; *Newberry* v. *Blatchford,* 106 id. 584.

The court erred in ordering that the Martin judgment "should be a lien upon all the lands first above described." The court had no power to make the judgment a lien on the land. It is the statute which fixes its *status.*

Henry Smith was the owner of both the $1500 notes, and the decree should have included the sum due on both, and such former suit is pleaded in bar. When the plaintiff replies to a plea, its validity can never be questioned, but only its truth. 1 Daniell's Ch. Pr. 697.

A party can not split an entire cause of action. This suit was upon the mortgage, and Henry Smith should have included all that was then due.

In the case of *Minor* v. *Heill,* 58 Ind. 176, the court says: "We are not aware that it has ever been held that a mortgage given to secure the payment of several notes, payable at different times, is so far divisible as that the holder of all the notes may, after they have all matured, have separate suits to foreclose the mortgage upon each note. General principles would seem to require the holder in such case to include all his notes in one foreclosure suit, and not to split up his cause of action by bringing several suits, and that if he failed to

include all, one foreclosure should bar a subsequent action to foreclose." See, also, *Rains* v. *Mann*, 68 Ill. 264; *Gamp* v. *Morgan*, 21 id. 255; *Casselberry* v. *Forquer*, 27 id. 170; *Railroad Co.* v. *Nichols*, 57 id. 466; *Rosenmueller* v. *Lampe*, 89 id. 212; *Burritt* v. *Belfy*, 36 Am. Rep. 79; *Van Sant* v. *Allmon*, 23 Ill. 30; *Kœster* v. *Burke*, 81 id. 436.

A sale of mortgaged premises for a part of the indebtedness releases the mortgage lien as to the land sold. *Seligman* v. *Laubheimer*, 58 Ill. 124; *Todd* v. *Davey*, 60 Iowa, 532; *Blake* v. *Black*, 55 id. 252; *Dick* v. *Moon*, 26 Minn. 309.

After real estate has once been sold under a decree or execution, the right of redemption of the judgment debtor is not liable to levy and sale. The only remedy a creditor would have, would be to wait until after the twelve months have expired, and then redeem from such sale. *Merry* v. *Bostwick*, 13 Ill. 398; *Watson* v. *Reissig*, 24 id. 285; *Cook* v. *Chicago*, 57 id. 268; *Kell* v. *Worden*, 110 id. 314.

Mr. J. E. McPHERRAN, for the appellee John Martin:

Martin being made a defendant, properly filed his cross-bill, as the only way to get the relief arising out of the equities in the original suit. If the satisfaction of his judgment is vacated, and fraud in the conveyance of the lands is established as incidental relief, such lands will be subjected to the payment of the execution issued on the judgment. Bump on Fraud. Con. 527; *Insurance Co.* v. *National Bank*, 7 Bradw. 426; *Postlewaite* v. *Howes*, 3 Iowa, 383; *Quick* v. *Lemon*, 105 Ill. 585; *Robinson* v. *Appleton*, 124 id. 284.

As to the power of the court to set aside sales to parties and vacate the satisfaction of judgments: *Veeder* v. *Fonda*, 3 Paige, 94; *Adams* v. *Smith*, 5 Cow. 280; *McGhee* v. *Ellis*, 4 Lit. 224; *Piper* v. *Elwood*, 4 Denio, 165; *Frasker* v. *Inghan*, 4 Neb. 531; *Laight* v. *Bell*, 1 Edw. Ch. 576; *Miner* v. *Craig*, 3 Blackf. 293; *Watson* v. *Reissig*, 24 Ill. 281; *Hughes* v. *Streeter*, id. 647; *Mason* v. *Thomas*, id. 285; *Merry* v. *Bostwick*, 13 id. 398.

Neither the parties nor the subject matter involved in the former suit are the same as are involved in this suit. Freeman on Judgments, sec. 478; *Watson* v. *Reissig,* 24 Ill. 281; *Hughes* v. *Streeter,* id. 648; *Whiting* v. *Bradley,* 2 N. H. 79; *McGwin* v. *Marks,* 28 Mo. 193; *Adams* v. *Parmenter,* 5 Conn. 280; *Piper* v. *Elwood,* 4 Denio, 165; *Townsend* v. *Smith,* 21 Texas, 287; *Ritter* v. *Henshaw,* 7 Iowa, 98; *Tudor* v. *Taylor,* 26 Vt. 144; *Cross* v. *Zane,* 47 Cal. 602.

Messrs. MANAHAN & WARD, for the appellee Adam Smith.

Mr. JUSTICE WILKIN delivered the opinion of the Court:

The contention in the Appellate Court, that the foreclosure proceeding by Henry Smith should be held a bar to complainants' right to recover on the second note, or the judgment recovered thereon, does not seem to be insisted upon here, and if it was, we should not hesitate to affirm the judgment of the Appellate Court on that point. The modification of the decree by that court removes all other objections which could be justly urged against it, so far as it affects the rights of parties under the original bill.

It is urged, with much earnestness, that the decree of the circuit court granting relief to appellee Martin, on his cross-bill, is erroneous. This question affects only the rights of Peter Bressler, Frank S. Bressler and John Martin. It may properly be considered first, as a question between appellant Peter Bressler and appellee Martin.

Assuming, for the present, that Martin is in no way barred or estopped from asserting his right to this proceeding against Peter Bressler, it becomes important, first, to consider what effect the levy upon and sale of the 220 acres, and the subsequent decree on the Dinsmoor cross-bill, had upon Martin's judgment of March 15, 1883. The theory of appellants' answer, that that levy was only upon an equity of redemption in said lands, is not supported by the facts. His levy was upon the

whole premises, and he sought, by reason of the release of the
mortgage of the insurance company, to subject the land to
the payment of the judgment, free from that mortgage lien.
Had his levy and sale been treated by the various courts
through which the litigation on the Dinsmoor cross-bill passed,
as counsel for appellants now insist it should be treated, there
would have been no occasion for setting aside his sale.    It
was because he was claiming, and was in a position to assert,
under the rules of law, title to the land purchased, free from
all incumbrance, by reason of the insurance company mort-
gage, that Dinsmoor had a standing in equity.

It was decided in *Young* v. *Morgan,* that, in equity, a vendee
in the position of Dinsmoor, who discharged a debt of his
grantor, secured by mortgage upon the purchased premises,
by applying the purchase money thereto, was entitled to be
subrogated to the rights of the insurance company as mort-
gagee, although its mortgage was formally released, and thus
defeat Martin's intervening judgment lien against Peter Bress-
ler.    The lien defeated was not a lien upon a mere equity of
redemption, but a lien which, but for the application of the
equitable doctrine announced in that case, would have taken
the land.    *Young* v. *Morgan,* 89 Ill. 202 ; *Smith* v. *Dinsmoor,*
119 id. 656.

The case is wholly unlike *Finley* v. *Thayer et al.* 42 Ill. 350,
*Vanscoyoc et al.* v. *Kimler,* 77 id. 151, and *Roberts* v. *Hughes
et al.* 81 id. 130.    These cases simply hold, that where mort-
gaged premises are levied upon by a judgment creditor of the
mortgagor, and purchased in satisfaction of his judgment, the
mortgage being of record, and there being no fraud on the part
of the defendant in execution, the purchaser takes the prop-
erty subject to the mortgage, and can not afterward have the
satisfaction of his judgment set aside, and new execution,—in
other words, that he can not have his sale set aside.    Here, the
sale was set aside, against Martin's protest, and the question
now is, shall it be said his judgment is satisfied, notwithstand-

ing he has been deprived of all he purchased? It can not be denied but that by the final decree on the Dinsmoor cross-bill the property sold by Martin in satisfaction of his judgment was recovered back from him, and by the subsequent sale in pursuance of that decree the entire value thereof exhausted. Martin was left nothing.

Although there is a conflict in the authorities as to whether the rule of *caveat emptor,* as applied to execution sales, will, in equity, defeat a claim of a purchaser for relief when the title fails, there being no misconduct or fraudulent concealment on the part of the officer or parties, and no irregularity in the proceeding, this court, as early as 1844, held, in *Warner et al. v. Helm et al.* 1 Gilm. 234, that "where the title of property purchased by the plaintiff under execution fails, and the property is recovered back from the creditor, he is entitled to a decree, in equity, to recover his debt from the judgment debtor. So where land is sold on execution to which the defendant in execution has no title, and by reason of such sale the execution is returned satisfied, the purchaser is entitled to have a decree, in equity, against the judgment debtor for the purchase money." In Rorer on Judicial Sales, p. 303, sec. 905, it is said: "But where the execution plaintiff is himself the purchaser, and the sale passes no title, the sale being void, or the property not being subject to sale on execution for plaintiff's demand, it is proper for the court to set aside the sale, vacate satisfaction of the judgment if satisfaction is entered, and allow execution anew on the judgment. So, also, where the property, though belonging to the defendant at one time, had ceased to be his by reason of a previous sale under a mortgage which had priority over the plaintiff's judgment." See, also, Freeman on Judgments, sec. 478, 478 a; *Muir* v. *Craig,* 3 Blackf. 293; 25 Am. Dec. 111.

We think it clear, under the facts proved in this case, on the authority of *Warner et al.* v. *Helm et al. supra,* that Martin was entitled, as against Peter Bressler, to have the satisfaction

19—133 ILL.

of his judgment, caused by the sale of the Dinsmoor land, set aside and his lien revived.

But it is said that the prior proceedings, on Dinsmoor's motion, to vacate Martin's sale, and especially on his cross-bill, should be held to bar the relief prayed in this cross-bill. If there is force in this position we are unable to perceive it. The controversy there was between Dinsmoor and Martin. Martin sought no relief in either of these proceedings. He there acted purely on the defensive, resisting Dinsmoor's efforts to take from him the fruits of his purchase. Having failed in that defense, he now asks relief against Peter Bressler, his debtor, to have the satisfaction of his judgment, as it appears by the return of the execution issued thereon, set aside, and he restored to his former rights as a judgment creditor. This prayer would have been wholly inconsistent with the defense set up against Dinsmoor. He could only have insisted, then, upon having the relief which he now asks against Peter Bressler, by confessing the claim of Dinsmoor.

The evidence offered by the parties on the issue as to whether or not the conveyance from Peter to Frank S. Bressler was made to hinder and delay creditors of Peter, is very voluminous. We have considered it with care, and are satisfied with the conclusion reached by the Appellate Court. It is impossible to read all the evidence in this record, and believe that Frank S. occupies the position of an innocent purchaser, without notice of the rights of Martin. He purchased pending the litigation between Dinsmoor and Martin, and is chargeable with notice that if Dinsmoor prevailed therein, Martin would be entitled to have his judgment lien revived. He occupies no better position in this controversy than does his father, Peter Bressler.

The judgment will be affirmed.

*Judgment affirmed.*