No. 614.

## MEHRHOFF ET AL. *v.* DIFFENBACHER ET AL.

NOTICE.—*Motion to Set Aside.*—*Raises no Question as to Sufficiency of Complaint.*—*Affidavit the Foundation of Notice.*—A motion to set aside notice, whether constructive or actual, will raise no question respecting the sufficiency of the complaint; for the affidavit is the foundation for notice by publication, and, if that be sufficient, the notice will be upheld.

REAL ESTATE.—*Sale of Under Execution.*—*Failure to Offer Rents and Profits.* —*Irregularity of Sale.*—*Relief From.*—A sale of land upon execution under our statutes, where the judgment does not waive appraisement, is irregular, unless the rents and proceeds of the land for a term of seven years be appraised and offered for sale before the fee simple is sold, and such sale will be set aside in an action brought for that purpose and judgment-plaintiff purchasers are entitled to the same relief as others, and have the same right to rely on the regularity of the proceedings of the officer as strangers to the proceedings.

From the Dearborn Circuit Court.

*J. S. Scobey,* for appellants.

*G. M. Roberts* and *C. W. Stapp,* for appellees.

CRUMPACKER, J.—Diffenbacher *et al.* filed a complaint in the Dearborn Circuit Court against Mehrhoff *et al.* to vacate an entry of satisfaction of a judgment rendered in said court in favor of the plaintiffs and against the defendants. An affidavit was filed with the complaint, showing the purpose of the action, and that the defendants were necessary parties thereto, and were non-residents of the State, whereupon notice was given of the pendency of the action by publication. The defendants appeared specially, and moved to quash the notice on the ground that there was no sufficient complaint on file to authorize notice by publication. This motion was overruled, and the plaintiffs were permitted to file an amended complaint, in which they alleged in substance that they recovered a judgment against the defendants in the Dearborn Circuit Court on the 21st day of October, 1887, for $726 and costs, and caused an execution to be issued

thereon to the sheriff of said county, who levied the same upon a certain tract of land particularly described in the complaint, and sold the same to satisfy the judgment; that plaintiffs purchased said land at such sale for the full amount of their judgment, and in consideration of such purchase they entered satisfaction of such judgment upon the record, and received a sheriff's certificate for said real estate; that said land was not redeemed, and at the expiration of a year plaintiffs obtained a sheriff's deed therefor, and thereafter demanded possession of the premises, but the defendants refused to surrender it; thereupon, plaintiffs commenced an action in ejectment to recover the same; that the defendants resisted such action, and upon the trial thereof asserted in defence of their possession that such sheriff's sale was invalid because the rents and profits of said real estate for the term of seven years were not appraised and offered for sale before the fee simple was sold; that upon investigation plaintiffs found such defence to be true, and on account of such irregularity the sale to them was void, and conferred no right upon them whatever, and they thereupon dismissed said action and abandoned their attempt to recover said real estate. It was further alleged that they received no money or thing of value upon the sale of said real estate, and its purchase by them, as aforesaid, constituted the sole and only consideration for the satisfaction of their said judgment.

The defendants demurred to the amended complaint for want of facts, which was overruled, and they declined to plead, but elected to abide by their demurrer, whereupon the plaintiffs had judgment vacating the satisfaction of their original judgment. The defendants appeal.

The first question for decision relates to the ruling of the court in refusing to quash the notice. The original complaint did not contain a description of the real estate, but it did describe the judgment with sufficient certainty,

and averred that it was satisfied by the purchase by appellees of real estate sold under an execution issued thereon, and that such sale was void and ineffectual to convey title, and the satisfaction was entered without consideration, wherefore such satisfaction was asked to be vacated. It clearly outlined the nature of the action, and showed that the relief sought was such as could be afforded upon constructive notice. A motion to set aside notice, whether constructive or actual, will raise no question respecting the sufficiency of the complaint. The affidavit is the foundation for notice by publication, and if that be sufficient the notice will be upheld, notwithstanding the complaint may be defective. *Dronillard* v. *Whistler*, 29 Ind. 552; *Fontaine* v. *Houston*, 58 Ind. 316; *Field* v. *Malone*, 102 Ind. 251.

There was no error in the ruling of the court.

It is next insisted that the amended complaint was bad on demurrer. Appellants' counsel contends that the doctrine of *caveat emptor* applies to purchasers at sheriff's sales, and that the statute under which relief is sought does not embrace the execution plaintiff who buys property under his own execution. It is argued that the officer in the execution of the writ acts for the execution plaintiff, and any default of the officer is imputable to such execution plaintiff, and the latter will not be permitted to repudiate the act of the officer, upon the principle that one will not be relieved from the consequences of his own negligent act. There is no question, under our statutes, that a sale of land upon an execution, where the judgment does not waive appraisement, is irregular unless the rents and profits of the land for a term of seven years be appraised and offered for sale before the fee simple is sold, and such sale will be set aside in an action brought for that purpose. *Davis* v. *Campbell*, 12 Ind. 192; *Daugherty* v. *Wheeler*, 130 Ind. 599. Whether such a sale would be

held void in a collateral attack, such as was made by appellants in the ejectment suit, we need not decide, as the trial court and both parties treated the sale in question as ineffectual to convey title, and we shall decide the question upon that hypothesis, without committing this court for or against that doctrine. Section 765, R. S. 1881, provides that where a sheriff's sale is invalid by reason of any defect or irregularity in the proceedings, and satisfaction of the judgment may have been entered thereunder, the purchaser may have the entry of satisfaction vacated and the judgment enforced in his favor. There is some conflict in the adjudications in this country upon the question as to whether or not under general principles of equity, in the absence of any statutory provision, the execution plaintiff is entitled to relief where he purchases under his own execution and the title fails; but the Supreme Court of this State has given the statute in question a very liberal construction, and applied it to judgment plaintiff purchasers as well as others. *Kercheval* v. *Lamar*, 68 Ind. 442; *Boone* v. *Armstrong*, 87 Ind. 168.

This interpretation is in harmony with the rules for the construction of statutory provisions, which undertake to afford relief upon equitable principles, and it meets with our unqualified approval.

In the case at bar there was a satisfaction of the judgment without any consideration whatever. The officer through whose fault it occurred was acting under oath and appellees had the right to rely upon the regularity of his proceedings to the same extent as a stranger would have been justified in doing. To deny relief under the facts averred in the complaint would be repugnant to established principles of equity and justice and would subvert the plain purpose and intent of the statute.

There was no error.

Judgment affirmed.

Filed April 26, 1892.