## STURDIVANT v. WARD.

### Opinion delivered April 26, 1909.

EXECUTIONS—SATISFACTION—EFFECT.—Where property is sold to satisfy an execution, and the execution is returned satisfied, such satisfaction may be vacated when it appears that the title to the property is not in the execution defendant.

Appeal from Howard Circuit Court; *James S. Steel,* Judge; affirmed.

*W. C. Rodgers,* for appellant.

1.   Appellee, claiming to be a purchaser at an execution sale, even if she were actually innocent of any adverse claim to the property, is nevertheless bound by the rule *caveat emptor.*   10 Ark. 211; 22 Ark. 572; 30 Ark. 249; 31 Ark. 252; 33 Ark. 621; 34 Ark. 85; 81 Ark. 279; 3 Paige, Ch. 421; 117 Ind. 206; 3 Md. Ch. 488; 42 Fed. 237; 43 Miss. 340; 83 Va. 331; 54 Neb. 712. The rule is the same where the judgment creditor becomes the purchaser at his own execution sale.   81 Ark. 279; 60 S. W. 887.   No fraud is shown on appellant's part.   Appellee knew, as appears by the agreed statement of facts, that the land had been previously sold to appellant's brother.   She cannot be deemed an innocent purchaser.   25 Ala. 681; 88 Ala. 583; 90 Ala. 537; 5 Serg. & R. (Pa.) 225.

2.   The purchase at the execution sale either was or was not a satisfaction of the judgment.   Appellee, having elected to treat it as a satisfaction by attempting to recover the land she had bought at the execution sale, asserting title thereto, cannot now be permitted to assume the inconsistent position that the sale was a nullity and that the purchase did not satisfy the judgment.   12 Ark. 421; 4 Ark. 184; 7 Ark. 86; 9 Ark. 176; 102 Ga. 694; 38 Ala. 706; 5 Strob. (S. C.) 147.   The ministerial act of indorsing the purchase on the judgment or execution amounts to nothing so far as the actual satisfaction of the judgment is concerned.   The law makes the application of payment.   17 Ark. 546; 9 Mass. 137; 11 Ired. (N. C.) 424; 3 Jones, Law, (N. C.) 491; 102 Ga. 694.

*W. P. Feazel,* for appellee.

Authorities are not harmonious, it is true, on the question involved here, but this court has fallen into line with those authorities which hold that, inasmuch as the execution plaintiff acquired nothing by reason of his purchase, and the execution defendant lost nothing in consequence thereof, justice, as well as the better reason, precludes the idea of such a purchase operating as a satisfaction of the judgment.   Freeman on Ex., § 54; Freeman on Judgments, 3d Ed., § 478; 14 Ark. 579; 65 Ark. 467.

HART, J. Eugenia Ward, in the circuit court of Howard County, Arkansas, sued out a *scire facias* to revive a judgment against J. B. Sturdivant. The case was tried upon the following agreed statement of facts:

"It is agreed between the parties to this action, as follows: That on or about February 18, 1895, the plaintiff, Eugenia Ward, recovered judgment against the defendant, J. B. Sturdivant, before J. K. Floyd, a justice of the peace of Mineral Springs Township, Howard County, Arkansas, for the sum of $89.60 with interest at six per centum per annum from said date. That on October 26, 1889, said Eugenia Ward, plaintiff herein, sued out an execution under said judgment in said justice's court, placed same in the hands of the constable of that court for service, and in due course said constable returned said execution *nulla bona.* That thereafter, on November 14, 1901, plaintiff filed a transcript of said judgment, together with all the docket entries thereon, in the office of the clerk of the Howard Circuit Court, whereby said judgment became a judgment of said Howard Circuit Court. That on November 14, 1901, plaintiff sued out of the circuit court of Howard County an execution under said judgment directed to the sheriff of Howard County, and said execution was on the same day delivered by the plaintiff to said sheriff with directions to levy same upon an undivided one-half interest in the following land in Howard County, Arkansas, to-wit: west ½ of the southwest ¼, sec. 9; southwest ¼, northwest ¼, sec. 15, and southeast ¼, northeast ¼, sec. 16, all in township 11 south, range 27 west, as the property of the execution defendant, J. B. Sturdivant, who is also defendant in this action, That after advertisement, according to law, said land was offered for sale at public auction according to the law of sales under execution on December 12, 1901, at which time plaintiff herein became the purchaser at and for the price of $125, the amount of the execution and cost, That on the 30th day of April, 1903, after the time for redemption had expired, said sheriff executed to her a sheriff's deed in pursuance of said sale and for the consideration of said bid, reciting therein all the facts required by law to be recited in a sheriff's deed. That this deed was made to and accepted by the plaintiff, was by her placed of record, and that, shortly after receiving this deed, the plaintiff began

an action in the Howard Circuit Court against W. A. J. Sturdivant to recover the undivided one-half interest in said land which said sheriff's deed purported to convey. * * * That at the time of suing out said execution under which said land was sold by the sheriff the said Eugenia Ward knew that J. B. Sturdivant, the defendant herein, had, by warranty deed, conveyed his undivided one-half interest in said land to his brother, W. A. J. Sturdivant, in the year 1894. That she prosecuted her cause in that action for possession with diligence through all the courts to the Supreme Court, which finally held that the title to said land passed out of J. B. Sturdivant when he conveyed the same to his brother, W. A. J. Sturdivant, in the year 1894. And that said Supreme Court held that same did not belong to J. B. Sturdivant when sold under plaintiff's execution. That plaintiff has never recovered any judgment against this defendant other than the one herein mentioned. That an undivided one-half interest in said land was worth, at the time of the sale under execution, $500 or more. That J. B. Sturdivant did not lose anything by reason of said sale and purchase, further than to help defend the suit. That said judgment in favor of the plaintiff herein has never been paid in whole or in part except by the purchase of said land at said sheriff's sale and at and for the amount of the execution and cost, to-wit: $125, as aforesaid."

The court found that the judgment in question had not been satisfied, and rendered judgment reviving it. Sturdivant has duly prosecuted an appeal to this court.

The only question raised by the appeal is, did the sale and purchase of the property by Eugenia Ward, now appellee, as shown by the agreed statement of facts, operate as a satisfaction of her judgment against J. B. Sturdivant, now appellant?

Mr. Freeman says that the authorities on this subject are quite evenly divided and are in irreconcilable conflict. Freeman on Executions, § 54.

In his article on executions in the Cyclopedia of Law and Procedure, the Hon. John G. Carlisle, in discussing the question of vacating entry of satisfaction, says: "Where property is sold to satisfy an execution, and the execution is returned satisfied, the authorities are at variance whether such satisfaction can be vacated when it appears that the title to the property sold is

not in defendant. Some jurisdictions allow the right to vacate the satisfaction. Others deny the right, in the absence of fraud on the part of defendant in his representation of title, and leave the creditor to seek whatever remedies the equities of his case require. Even in those jurisdictions where the vacation of satisfaction is allowed, the right is not extended to cases where defendant really has an interest in the property and the judgment creditor who purchases gets, without any fraud on the part of defendant, a smaller estate than he contemplated." 17 Cyc. pp. 1401-02.

Authorities are cited by the learned writer to sustain both positions. Counsel for the parties hereto have also cited authorities from other States to sustain their respective contentions. It would serve no useful purpose to review them, for they are in direct conflict. Moreover, we think the reasoning of this court in the case of *Jones* v. *Ark. Mech. & Agl. Co.,* 38 Ark. 17, resulted in the adoption of the rule that in such cases there is no satisfaction of the judgments. In that case Wait had obtained a foreclosure decree upon property in Little Rock, Ark., known as the Fair Grounds, to satisfy a balance of purchase money remaining unpaid. The land was sold on July 25, 1874, to George R. Weeks for $4,000, payable in three months. In the meantime, Jones, McDowell & Company had recovered a judgment against the old fair association before a justice of the peace. An execution was issued and returned *nulla bona.* A transcript of the judgment was then filed in the office of the circuit clerk. An execution was issued and levied upon the land. Jones, McDowell & Company purchased the land at the sheriff's sale, bidding therefor the amuont of their debt. Townsend later pursued identically the same course. Neither of these purchasers redeemed the land by paying off Wait's decree before the sale in his chancery suit, nor did they intervene for the surplus produced by that sale. After the period of redemption from the execution sale had expired, they procured a conveyance of the land from the sheriff. They filed a bill against Weeks and against the two associations, alleging that Weeks was not an innocent purchaser. Without going into the further details of the case, the court held that there was evidence enough in the record to set aside the sale to Weeks and his subsequent conveyance to the

State Fair Association as an attempt to place the assets of the association beyond the reach of creditors. The court declared that Weeks and the State Fair Association took the property charged with a trust in favor of creditors. The court held that the purchases of the land by Jones, McDowell & Company and by Townsend, under their respective executions, were nugatory, and the satisfaction of their judgments thereby was apparent and not real, and a decree was entered charging the land with a trust in their favor. If their purchase under the execution sales was a satisfaction of their judgments, then the court should have rendered a decree in favor of Jones, McDowell & Company for the land, they having purchased the equity of redemption, and having offered to redeem from the Wait foreclosure sale. We think the reasoning of the court and the grounds upon which its decision was placed in that case are conclusive of the issue here presented, and that the purchase by appellee at the execution sale in the instant case was not a satisfaction of her judgment.

Finding no prejudicial error in the record, the judgment is affirmed.

Mr. Chief Justice McCulloch and Mr. Justice Battle dissent.