[No. 12411. Department Two. August 11, 1915.]

CALHOUN, DENNY & EWING, *Respondent*, v.

EDITH J. QUINLAN, *Appellant*.[1]

APPEAL — RECORD — EVIDENCE — NECESSITY. Error cannot be assigned in the granting of continuances and the refusal to dismiss for want of prosecution, where the record on appeal does not show the evidence on which the continuances were granted.

APPEAL—REVIEW—HARMLESS ERROR—EXCLUSION OF EVIDENCE. The refusal of the court to allow affidavits to be read, after having looked into the same and hearing a statement of their contents, is not prejudicial error, where there is a trial *de novo* on appeal.

APPEAL—REVIEW—HARMLESS ERROR—ADMISSION OF EVIDENCE. The admission of immaterial evidence, in a cause tried to the court without a jury, does not entitle appellant to a new trial or a reversal where there is a trial *de novo* on appeal.

APPEAL — STATEMENT OF FACTS—SETTLEMENT—DISPUTES—ASSIGNMENT OF ERROR. Irregularity in settling the statement of facts is not a ground upon which error can be assigned; the remedy for an erroneous statement being by application for a commission to settle the truth of the matter in dispute.

JUDGMENT—SATISFACTION—REINSTATEMENT—ABORTIVE SALE — ESTOPPEL. A sale on execution to the judgment creditor of property which was exempt as a homestead, and satisfaction of the judgment thereby, does not preclude a reinstatement of the judgment, after the debtor had the sale set aside and rendered abortive in an action to remove the cloud from the title.

JUDGMENT—RES JUDICATA—ISSUES CONCLUDED. Where a judgment had been satisfied by a sale of an exempt homestead, and the debtor sued to set aside the sale, a proceeding to reinstate the judgment is not barred by a general judgment in the debtor's action quieting the debtor's title to the homestead, where the single issue presented was whether the homestead declaration was sufficient to exempt the property from the lien of the judgment; since the scope of the decree is limited to the issues presented.

APPEAL—REVIEW—FINDINGS. Findings of the trial court upon conflicting evidence will not be disturbed on appeal where the evidence does not preponderate against the findings.

Appeal from an order of the superior court for King county, Humphries, J., entered March 2, 1914, upon find-

[1]Reported in 150 Pac. 1132.

ings in favor of the plaintiff, reinstating a judgment after an invalid execution sale, after a hearing before the court. Affirmed.

*Robert A. Devers,* for appellant.

*John P. Hartman* and *Arthur E. Nafe,* for respondent.

FULLERTON, J.—On June 1, 1912, the respondent, Calhoun, Denny & Ewing, a corporation, in an action brought in the superior court of King county, recovered a judgment against the appellant, Edith J. Quinlan, for the sum of one thousand dollars, and the taxable costs of the action. Thereafter a general writ of execution was issued on the judgment and levied upon certain real property of the appellant situated in Benton county. This property was afterward sold under the execution, the sale netting the sum of four hundred and seventy-five dollars, which sum was credited upon the judgment in partial satisfaction thereof. Subsequently a second writ of execution was issued on the judgment and levied upon the residence property of the judgment debtor situated in King county, during her temporary absence therefrom. This property was also sold under the writ, and was bid in by the judgment creditor for the amount remaining due upon the judgment. Due return of the sale having been made by the officer executing the writ, the sale was confirmed, and the judgment satisfied of record. After the confirmation of the sale and the receipt of the sheriff's certificate therefor, the purchaser entered upon the property, removed therefrom the appellant's effects, consisting of household furnishings and fixtures, and stored the same for her use in a public warehouse. Subsequently the appellant returned to the property and made claim to the same as a homestead, exhibiting a declaration of homestead which she had filed on the property some years before while bearing the name of a husband from whom she was subsequently divorced. The respondent thereupon re-

turned the household fixtures and furnishings to the house, but refused to cancel the certificate of sale.

The appellant thereupon began two separate actions against the respondent, the one to quiet her title to the property against the cloud cast thereon by the execution sale, and the other for damages caused to her household effects by their removal and subsequent return. In the first of these actions she was successful, recovering a judgment against the respondent "forever restraining it from asserting any interest in or to said property." Before the second action was brought on for trial, the parties sought a settlement between themselves of their differences. As a result of the negotiations, the respondent waived its right of appeal from the judgment in the action brought to quiet title, paid fifty dollars to the appellant as attorney's fees, paid the taxable court costs of the two actions, the whole amounting to $72.80, and the appellant dismissed her action brought to recover in damages for the removal and return of her household effects.

On November 11, 1913, the respondent moved the court, upon notice, for a reinstatement of so much of its judgment against the appellant as had been satisfied by the sale of the King county property. The motion was resisted by the appellant, but after a hearing the judgment was reinstated by the court. This appeal is from the order of reinstatement.

The appellant assigns a number of errors based upon the manner in which the proceedings to reinstate were conducted in the court below. It is complained that the court erred in granting continuances of the proceedings; that it erred in refusing to quash the proceedings for want of prosecution, on the application of the appellant; that it erred in refusing to permit the appellant to read the affidavits presented in opposition to the motion to reinstate; that it erred in admitting affidavits offered by respondent; and that it erred in signing respondent's findings of fact, conclusions of law, and

order reinstating the judgment, in the absence of the appellant and without notice to her. But we find in the record no cause to disturb the order entered for any of these reasons. Regarding the continuances, the journal entries copied into the transcript contain merely the recitals that continuances were granted. They neither show at whose instance they were granted nor the reasons which induced the court to grant them, nor do these facts appear elsewhere in the record. Manifestly, under such a record, the court cannot even presume them to have been irregular, much less such a gross abuse of discretion as to entitle the defendant therein to a judgment for want of prosecution.

With reference to the refusal of the court to permit the appellant to read affidavits, the record shows that the respondent made a "full statement to the court of the nature of his application," and,

"Thereupon Mr. Devers [counsel for appellant] offered to read all of the affidavits that had been filed, and the court said he did not care to hear further, as the substance thereof was stated, that he had looked into the same, and would decide the case upon the merits."

Here, again, we think there can be no such abuse of discretion as to require a new hearing in the court below, more especially as this court is empowered to hear the cause *de novo* on the merits, and can take into consideration in so doing the entire record.

The appellant has not made it clear to us why the error, if error it was, in admitting the affidavits offered by respondent entitles her to a new trial. Some parts of some of the several affidavits we agree were not very pertinent to the issue, but it must be an extreme case indeed where the admission of immaterial testimony in a cause tried by the court without a jury, and which is triable *de novo* in the appellate court, will entitle the opposing party to a reversal and a new trial in the court below. This, clearly, is not

such a case. This court will, as the trial court undoubtedly did, disregard the immaterial matter and test the right to a judgment by the evidence that is competent.

The record does not bear out the claim that the findings and the order based thereon were signed without notice to the appellant. On the contrary, the transcript shows that a copy of the proposed findings and entries, together with a notice of the time when and the place where they would be presented to the court for entry, was served upon the appellant's attorney more than three days prior to the time fixed for such presentation. If the appellant was not there at the time, surely it was not the fault of the respondent.

Complaint is made, also, of the irregular manner in which the statement of facts was settled. But this is not a ground upon which to assign error on the appeal. If a dispute arises between an appellant and the trial judge as to matters occurring at the trial which it is thought proper to include in the statement of facts, this court will, on application of the party, after notice to the trial court, appoint a commission to ascertain the truth of the matter in dispute, but it will not assume, on the mere assertion of an appellant, that the facts as certified are erroneous in any particular, or that they are not all of the material facts occurring in the cause.

On the merits of the controversy, the appellant makes three principal contentions, the first of which is that the respondent, since he caused the property to be sold, bid the same in for the full amount of his debt, and allowed the judgment to be satisfied, is estopped under the rule of *caveat emptor* from now asserting that he obtained nothing by the proceeding. But while there are courts, respectable in number and ability, which maintain this doctrine, we think the better reason and the weight of authority is the other way. The judgment creditor obtained nothing and the judgment debtor lost nothing by the abortive sale. There was no actual satisfaction of the judgment, and, seemingly, the rules of justice

require that it be not held an actual satisfaction.   Some of
the cases sustaining the right to have the judgment rein-
stated are the following:   *Sturdivant v. Ward,* 90 Ark. 321,
119 S. W. 247, 134 Am. St. 32; *Hollon v. Hale,* 21 Tex Civ.
App. 194, 51 S. W. 900; *Massie v. McKee* (Tex. Civ. App.),
56 S. W. 119; *Smith v. Reed,* 52 Cal. 345; *Mehrhoff v. Dif-
fenbacher,* 4 Ind. App. 447, 31 N. E. 41; *Scherr v. Himmel-
mann,* 53 Cal. 312; *Bressler v. Martin,* 133 Ill. 278, 24 N.
E. 518; *Evans & Co. v. Holt & Hart,* 63 Tenn. 389; *Farmer
v. Sasseen,* 63 Iowa 110, 18 N. W. 714.

The second contention is that the right to have the satis-
faction set aside is barred by the decree in the case brought
to quiet title in the appellant to the property sold.   Un-
questionably that decree determines that the property in
King county attempted to be sold cannot be legally sold un-
der a general execution issued on the judgment, but the
question whether the judgment was satisfied by the sale was
not in issue and was not determined in the proceeding.   While
the language of the decree, a part of which we have before
quoted, was somewhat general, the case was tried upon an
agreed statement of facts in which the single question pre-
sented was whether the homestead declaration filed thereon
by the appellant was sufficient to vest the property with the
character of a homestead; it being agreed that, if the dec-
laration was thus sufficient, the sale thereof under the gen-
eral execution was invalid.   The decree is limited in its scope
by the facts in issue, and general statements therein will not
be allowed to extend it beyond such issues.

The third contention is that all differences between the
parties—including any further claim on the judgment in
suit—were settled by the agreement under which the action
of damages was dismissed.   The agreement was oral, and, as
is not uncommon in such cases, there is a wide difference of
opinion between the parties who negotiated it as to the mat-
ters intended to be included within it.   It is needless, however,

to review the evidence on the question. It is sufficient to say that its perusal fails to convince us that it preponderates against the conclusion of the trial judge.

The judgment is affirmed.

MORRIS, C. J., CROW, ELLIS, and MAIN, JJ., concur.