[No. 156-3.   Division Three.   March 12, 1971.]

HAZEL D. GRIGGS, *Respondent*, v. LEONARD D. MORGAN, *Appellant.*

*C. E. Hormel,* for appellant.

*Ray L. Greenwood,* for respondent.

GREEN, J.—Defendant, Leonard D. Morgan, appeals from a judgment vacating a satisfaction of judgment.

On March 14, 1956, plaintiff, Hazel D. Morgan, was granted a decree of divorce from defendant. The decree awarded plaintiff custody of their three minor children and ordered defendant to pay child support. In 1967 plaintiff remarried and departed the state of Washington. Prior thereto plaintiff and defendant agreed that if defendant would pay $3,500 to plaintiff and execute a consent for the adoption of the minor children by her new husband, she would execute and file a complete satisfaction of judgment for child support. Defendant performed his part of the agreement and plaintiff filed a satisfaction of judgment.[1]

---

[1] "Comes now the plaintiff, by her attorney in fact, and hereby acknowledges payment in full of that certain judgment for child support heretofore entered in the above entitled action, and hereby releases said judgment in full, and waives and releases the defendant from any further obligations under said judgment."

This agreed settlement was never presented to the court for approval; the support obligations imposed by the decree were never modified.

Subsequently, plaintiff and the children returned to the state. Plaintiff divorced her second husband who never adopted the children. On April 11, 1969 plaintiff obtained and served on defendant an order to show cause as to why he should not be held in contempt for failure to make the payments required by the divorce decree. On May 23, 1969, the trial court adjudged defendant not in contempt. Plaintiff then filed a motion to vacate the satisfaction of judgment. The trial court entered judgment granting the motion and fixing a time for hearing to determine the amount of support defendant should pay plaintiff.

Defendant assigns error to the court's conclusion

> That the parties could not legally satisfy the Defendant's obligations to support his unemancipated minor children. That the Satisfaction of Judgment entered on the 3rd day of April, 1967, is void.

and to the entry of judgment. There is no dispute as to the facts. Defendant contends the satisfaction of judgment was properly filed and may not be set aside or vacated without a showing of mistake, fraud, duress, undue influence, lack of or failure of consideration, 49 C.J.S. *Judgments* § 584b (1947); for non-performance of a condition, *Knaak v. Brown,* 115 Neb. 260, 212 N.W. 431 (1927), 51 A.L.R. 237, 254; or where the judgment creditor obtained nothing, *Calhoun, Denny & Ewing v. Quinlan,* 86 Wash. 547, 150 P. 1132 (1915). These citations are not in point because the support of minor children involves the application of different rules of law.

██ Dealing with a contention the parents of certain minor children had agreed to reduce support payments under an Oregon divorce decree, the court in *Mosher v. Mosher,* 25 Wn.2d 778, 785, 172 P.2d 259 (1946), said:

> Finally, on this point, even if the plaintiff and defendant did make the agreement alleged, the trial court would have been compelled to hold it illegal and void.

They could not modify the court's decree or stipulate away the rights which the Oregon court had granted for the benefit of the children. It was said, in *State ex rel. Lucas v. Superior Court,* 193 Wash. 74, 74 P. (2d) 888:

"The relator was under the common law obligation to support his child during its minority, and this obligation continued without regard to the divorce decree. The parties to that decree could not stipulate away the right of the child to such support. [Citing cases.]"

The children were the direct parties in interest. The plaintiff, their mother, merely received the money as their trustee, and could not legally surrender the rights of her children, or in any way cancel, in whole or in part, the obligation which the Oregon court imposed upon their father in the divorce action. That could only be done by the court itself. [Citing cases.]

To the same effect, see *Herzog v. Herzog,* 23 Wn.2d 382, 385, 161 P.2d 142 (1945); *Wheeler v. Wheeler,* 37 Wn.2d 159, 222 P.2d 400 (1950); *Ditmar v. Ditmar,* 48 Wn.2d 373, 374, 293 P.2d 759 (1956).

If this case were a contest between only the husband and wife, it is clear the equities would favor the husband. However, third parties are involved. The real parties in interest are the children whose welfare is the chief concern of the court. It is clear that had the adoption been consummated, the defendant would have been relieved of his responsibility for child support. RCW 26.32.140; *St. Germain v. St. Germain,* 22 Wn.2d 744, 157 P.2d 981 (1945). However, the adoption was not consummated. In this situation, the authorities are clear that only the court may modify or change the obligations of the father or mother to support their children. Since the parties did not secure court approval of their agreement, it is void.

The judgment vacating the satisfaction of judgment must therefore be affirmed.

MUNSON, C.J., and EVANS, J., concur.

Petition for rehearing denied April 19, 1971.