IN THE COURT OF APPEALS FOR THE STATE OF WASHINGTON

| | | |
|---|---|---|
| IN RE MARRIAGE OF | ) | No. 73038-0-I |
| | ) | |
| DIANE KOWNACKI, | ) | |
| | ) | |
| Respondent, | ) | |
| | ) | DIVISION ONE |
| and | ) | |
| | ) | |
| VICTOR VASQUEZ, | ) | UNPUBLISHED OPINION |
| | ) | |
| Appellant. | ) | FILED: March 7, 2016 |

SPEARMAN, C.J. — Victor Vasquez seeks enforcement of a judgment despite having signed a satisfaction of judgment that was filed with the court. The commissioner denied his motion to enforce and the trial court denied his motion to revise the commissioner's ruling. He appeals, arguing that the trial court erred in failing to consider extrinsic evidence. Because the record establishes that the trial court considered the extrinsic evidence before it, we reject Vasquez's argument and affirm.

## FACTS

Victor Vasquez and Diane Kownacki divorced in 2009. The agreed decree of dissolution awarded Vasquez a judgment of $115,000 secured by a deed of trust on the family home. The court awarded child support in the amount of $600 per month to Kownacki. Shortly after the divorce, Vasquez moved out of state. He did not meet his child support obligations.

In 2011, Kownacki sought to refinance the home, which she could only do if Vasquez released his lien on the property. Vasquez and Kownacki communicated about the possibility of refinancing. In July 2012, Vasquez signed a full satisfaction of judgment and had it notarized. The satisfaction states that Vasquez "hereby acknowledges full satisfaction of the judgment recovered against Diane Kownacki in the sum of $115,000." Clerk's Papers (CP) at 46. The satisfaction of judgment was filed with the court on August 22, 2012.

In August 2014, Vasquez brought a motion to enforce the judgment. He submitted a declaration stating that he signed the satisfaction so that Kownacki could refinance the home and that he understood that Kownacki would pay the $115,000. Kownacki submitted a declaration stating that the home had significantly decreased in value during the financial crisis. Kownacki stated that she believed Vasquez signed the satisfaction of judgment because he realized that she could not meet the mortgage payments unless she refinanced and that she had not benefitted financially from retaining the house. Kownacki also believed that Vasquez gave up his claim to the house because he had not paid child support or remained involved in his children's lives and he wanted to "'call it even.'" CP at 15-16. The parties also submitted emails between Vasquez and the title company. In one email, Vasquez stated that he would have his attorney review the satisfaction of judgment. In another email, Vasquez inquired about the "status on my check." CP at 101.

The commissioner treated the satisfaction of judgment as commercial paper and applied the premise that paper modifies paper. The commissioner found that the only

2

writing in evidence was the satisfaction of judgment. She accordingly denied Vasquez's motion.

Vasquez moved to revise the commissioner's order. At hearing, Vasquez argued that he signed the satisfaction of judgment so that Kownacki could refinance and that he expected that Kownacki would pay him the sum of $115,000. Vasquez acknowledged that he owed approximately $26,000 in unpaid child support and asked the court to offset the judgment by that amount.

The trial court denied Vasquez's motion. The trial court stated that it reached the same conclusion as the commissioner but "for slightly different reasons." Verbatim Report of Proceedings (VRP (01/09/15) at 15. The court found that there was not sufficient evidence in the record to support Vasquez's claim and denied the claim for "failure of proof." CP at 126.

Vasquez appeals. He asserts that the commissioner and the trial court erred in failing to consider the extrinsic evidence in the record.

## DISCUSSION

This court reviews the trial court's ruling, not the commissioner's. State v. Ramer, 151 Wn.2d 106, 113, 86 P.3d 132 (2004). The party seeking to set aside a satisfaction of judgment has the burden to demonstrate a ground to vacate such as fraud, duress, undue influence, or non-performance of a condition. Griggs v. Morgan, 4 Wn. App. 468, 469, 481 P.2d 913 (1971). See also, 47 Am. Jur. 2d Judgments § 843 ("As between the parties, a satisfaction of judgment, although absolute and unqualified on its face, may be cancelled and set aside upon motion and proof that satisfaction was entered by mistake; was procured by misrepresentation, fraud, duress, or undue influence; or was

3

irregularly or improperly entered."). We review the trial court's ruling for substantial evidence. In re Marriage of Rideout, 150 Wn. 2d 337, 351-52, 77 P.3d 1174 (2003). This court defers to a trial court's credibility determination, even when that determination is based on documentary evidence. Id.

Vasquez asserts that the trial court failed to consider the extrinsic evidence in the record. He argues that the extrinsic evidence demonstrates that the satisfaction of judgment was part of an oral contract under which he agreed to sign the satisfaction of judgment and Kownacki agreed to pay the $115,000. We reject Vasquez's argument because the trial court considered the extrinsic evidence in the record and found it insufficient.

Although the trial court's order does not list the evidence on which it relies, the court's oral and written rulings demonstrate that it considered the evidence in the record. At hearing, the trial judge stated that she had "reviewed everything." VRP (01/09/15) at 7-8. The judge overruled an objection that Vasquez was offering testimony not in the record because she recalled that the disputed information was included in his declaration. In her oral ruling, the trial judge stated that the dispute "basically comes down on this record to what he said/she said." VRP (01/09/15) at 15. The trial judge summarized Vasquez's claim that Kownacki induced him to sign the satisfaction of judgment by promising to pay him but then failed to follow through on her end of the bargain. The judge stated that she also had in the record Kownacki's declaration that Vasquez signed the satisfaction of judgment "based on a variety of circumstances since the final divorce." CP at 15. The judge then stated that she did not find a sufficiency of

4

evidence to support Vasquez's claim. In her written ruling, the trial judge denied Vasquez's motion for "failure of proof." CP at 126.

The trial court did not refuse to consider extrinsic evidence, as Vasquez asserts. Rather, the court considered the evidence in the record and found it insufficient to vacate the satisfaction of judgment. We agree. Vasquez had the burden to show grounds to set aside the satisfaction of judgment. He produced his declaration, which testifies to his belief that Kownacki would pay him despite the satisfaction. Kownacki produced her declaration, in which she testified that there was no promise to pay and she believed Vasquez signed the satisfaction of judgment in order to "call it even." CP at 15-16. To the extent the trial court made a credibility determination between the two declarations, we defer to its determination.

We conclude that substantial evidence supports the trial court's ruling that Vasquez failed to produce sufficient proof to warrant setting aside the satisfaction of judgment.

Affirm.

Spearman, C.J.

WE CONCUR:

Cox, J.