Eartle, J.
 

 If a sheriff or other officer have an execution of
 
 fieri facias
 
 in his hands, payment to him discharges the execution. So, if he levy upon and sell property, and receive the money; and the result will be the same, even if he do not receive the money; because, by the sale, he becomes liable for it to the plaintiff in the execution, and the defendant is discharged by the seizure and sale of his goods. The execution thus becoming
 
 fimctios officio,
 
 the judgment upon which it was issued must be deemed satisfied, otherwise, (as was said in the case of
 
 Murrell
 
 v.
 
 Roberts,
 
 11 Ire. Rep. 424,) the officer “ might, upon another execution for a trifling sum, ruin any person, since he might raise the money over and over again, by sale after sale.” See, also,
 
 Hammatt
 
 v.
 
 Wyman,
 
 9 Mass. Rep. 138.
 

 In the case before us, the plaintiff in the judgment and ex
 
 *493
 
 ecution was the purchaser of the mare, at a price sufficient to discharge his debt; and we think that the law immediately-appropriated the money to the discharge of the execution and the satisfaction of the judgment. The question then, is, could the judgment he revived by the subsequent proceedings ? ¥e think that it could not; and that it made no difference that the defect in the title to the mare was proved by the defendant in the execution, himself. The plaintiff in the execution had a clear remedy; hut not upon his original judgment. The forty-fifth chapter of the Eevised Statutes, section 22, (see, also, Eev. Oode, eh. 45, sec 27,) provides, that where the purchaser at any execution sale, may, in consequence of a defect in the title of the property, have been deprived of it, “ or may have been compelled to pay damages in lion thereof to the real owner,” then, and in every such case, it shall be lawful for such purchaser, his executors, &c., to sue the defendant in the execution, or the person legally representing him, in an action on the case, and recover such -sum as he may have paid for such property, with interest thereon, from the time of such payment.
 

 There was error in allowing the plaintiff to recover on the judgment, instead of pursuing the remedy given by the statute, and the judgment in his favor must he set aside, and, according to the case agreed, a judgment of nonsuit must he entered.
 

 Ejer Curiam.
 

 Judgment reversed*.