THOMAS J. CLARKSON vs. MILES B. BEARDSLEY AND ANOTHER.

An execution in favor of the plaintiff was levied on a piece of land and the exetion returned satisfied. The land proved to be subject to the debts of an estate to which it had belonged, and was afterwards sold by order of the probate court to pay the debts. There were reasons for regarding the order of sale as defective, but it was not void. Held, in an action of debt on the judgment—

1. That if the sale was valid it vested a title in the purchaser that must prevail over that of the plaintiff.
2. That the order of sale, if defective, was good until set aside on appeal.
3. That it was not the duty of the plaintiff, for the purpose of protecting his own title, to have taken an appeal.
4. That the levy of the execution proving to be fruitless, the judgment was unsatisfied, and an action of debt upon it could be maintained.

DEBT on judgment; brought to the Superior Court in Fairfield County and tried to the court, on the general issue with notice, before *Beardsley, J.* Facts found and judgment rendered for the plaintiff, and motion in error by the defendants. The case is sufficiently stated in the opinion.

*A. S. Treat* and *D. F. Hollister*, for the plaintiffs in error.

*D. Torrance*, with whom was *W. B. Wooster*, for the defendant in error.

CARPENTER, J. This is an action of debt on judgment. An execution issued on the judgment which was levied on certain land belonging to Mrs. Beardsley, the former wife of the defendant, and one of the judgment debtors, which land was a part of the estate of her deceased father. The execution was returned satisfied, April 11th, 1868. It now appears that the land was subject to the debts and charges due from the estate of Mrs. Beardsley's father.

The administration account on said estate was settled and allowed, October 1st, 1859. From that it appears that the debts and charges allowed against the estate amounted to the sum of three hundred and seventy-eight dollars and forty-six cents.

The Superior Court found that the personal estate applica-

ble to the payment of debts after setting furniture, &c., to the widow, was two hundred and fifty-four dollars. What became of that personal property does not appear. It seems not to have been used for the payment of debts.

On the 21st day of October, 1868, the court of probate passed an order reciting that the debts and charges allowed against the estate exceeded the value of personal estate which could be sold without prejudice to the widow and legatees by the amount of $378.46, and thereupon ordered the sale of so much of the real estate of the deceased as would raise that sum, with incidental charges of sale, &c. Pursuant to this order the executrix sold the real estate on which the execution was levied to Sarah A. Beardsley, and executed and delivered to her a deed of the same. Whether there was other property of the estate which could have been sold for that purpose does not appear.

Upon these facts the Superior Court rendered judgment for the plaintiff, and the defendants filed a motion in error.

The plaintiff claimed that the judgment was not satisfied by the levy of the execution, and the court below sustained that claim. It must be conceded that if the order of sale and the proceedings under it were valid, the title acquired by Mrs. Beardsley by her deed from the executrix was superior to the title acquired by the levy. In that event the plaintiff takes nothing by the levy. The defendant objects that the order of sale was invalid and that the deed given in pursuance thereof was inoperative. We think this is not so. The order is not void upon its face. The most that can be said is that it may be voidable, and that it could have been set aside upon proper proceedings for that purpose. But such proceedings were not instituted. No appeal was taken, but the order now remains in full force, never having been reversed, vacated or set aside. As it was clearly competent for the court of probate to pass an order of sale, and no question of jurisdiction arises, we are unable to see how the order can be attacked in this collateral manner.

It is further objected that the plaintiff was bound to protect his own title, and therefore that it was his duty to appeal from the probate decree ordering a sale.

It is not clear that the plaintiff had such an interest in the estate or that he was so situated that he could have taken an appeal. Be this as it may, we cannot say that the law is so that if an appeal had been taken the decree would certainly have been reversed. The validity of that decree would depend upon the facts as they might appear upon the trial of that appeal, and not necessarily upon the facts which appear in this case. Parties would have been interested in such an appeal who have no interest in this suit, and they might have been able to show facts and circumstances which would fully justify the decree. It is impossible for us to say now that they would not.

It is true there are some things in the finding, and some things on the face of the probate proceedings, which would seem to point to a collusion between Mrs. Beardsley and her mother, the executrix, to defeat the plaintiff's levy by taking the same property to pay debts and charges against the estate of the husband and father. Such a collusion, especially if there had been other property which might have been sold to pay such debts, would have been a fraud upon the plaintiff, or defendant, or both; and might, probably, in some other form of proceeding, have been prevented. But fraud is not found in the present case; and if it was, or if it conclusively appeared from the facts found, there is no indication that the present plaintiff was a party to it. The most that can be claimed is that Mrs. Beardsley and others interested in her father's estate may have conspired to roll the burden of this judgment upon her former husband, one of the present defendants. If so, perhaps it was quite as much the duty of the defendant to take measures to defeat the consummation of such a fraud as it was of the plaintiff. At least it is by no means clear that as between themselves all the consequences of such a fraud should now be visited upon this plaintiff.

We think the case was rightly disposed of in the court below, and that there is no error in the judgment.

In this opinion the other judges concurred.