## PLANO MFG. CO. v. THOMPSON.

Where defendant's property was sold by direction of the plaintiff, and the proceeds applied in partial satisfaction of a judgment obtained against him, willfully ignoring his claim of exemption, and putting him to expense and inconvenience, so that the parties would not be restored to the position they occupied prior to the entry of the satisfaction if it were canceled, the court acted within its discretion in refusing to cancel the record of partial satisfaction, notwithstanding the defendant has recovered a judgment against the sheriff for his conversion of the goods wrongfully sold, which the plaintiff had to pay as nis indemnitor.

(Opinion filed, May 29, 1907.)

Appeal from Circuit Court, Minnehaha County. Hon. JOSEPH W. JONES, Judge.

Action by the Plano Manufacturing Company against Soren Thompson. From an order denying application to have a partial satisfaction of judgment canceled of record, plaintiff appeals. Affirmed.

*Joe Kirby*, for appellant.

HANEY, J. This appeal if from an order denying the plaintiff's application to have a partial satisfaction of judgment canceled of record. The application was heard upon af-

fidavits, without objection to the mode of procedure, which disclosed the following state of facts: That a judgment in favor of the plaintiff and against the defendant for $71.10 damages and $11.15 costs, aggregating $82.25, was docketed in the circuit court on Decmber 21, 1897. "That on the 20th day of October, 1899, one G. R. Krause, who was then the attorney for and acting on behalf of the plaintiff, issued an execution on said judgment and placed it in the hands of Den Donahoe, the then sheriff of Minnehaha county, S. D., and caused him to levy upon certain of the personal property of the defendant, and that thereafter, and within the time allowed by law, the wife of this defendant claimed her exemptions and those of the defendant by serving the usual notice, schedule, and affidavit upon the said sheriff, Den Donahoe, who accepted service upon the same, and that thereupon the said sheriff, Den Donahoe, served upon the defendant a notice that he would on November 27, 1899, appraise the said property of the defendant and thereupon this defendant and his appraiser were present at the time and place appointed by said sheriff for the appraisement and there was also present the said sheriff by his deputy, Paul Meyer, and the said attorney G. R. Krause, and two other appraisers and this defendant thereupon offered to permit the said appraisement of his property, and demanded of the said deputy sheriff then and there that the said appraisement be then and there had, but the said deputy sheriff consulted with said attorney and they then and there refused to appraise said property, but threatened to have the defendant arrested if he did not pay the debt set forth and referred to in said judgment, and the execution issued therein and then in the hands of the said deputy sheriff, and the said deputy sheriff then and there departed for Sioux Falls, S. D., without making any appraisement of the property of this defendant. That thereafter the said plaintiff in this action caused this defendant to be arrested and brought before one F. L. Rowland, a justice of the peace in the office of Joseph Kirby, Esq., the attorney for this plaintiff, on the criminal charge of unlawfully and willfully taking personal property from the custody of said sheriff, Den Donahoe, and the testimony of the deputy sheriff and G. R. Krause, Esq., was then and there taken, and the said justice, after considering the

evidence, then and there dismissed said prosecution, and the defendant was then and there discharged from custody. That thereafter, and on or about the 17th day of December, A. D. 1899, the plaintiff by the said sheriff, Den Donahoe, went to the granary of this defendant, and broke into the same and took therefrom a large quantity, which the said sheriff alleges to be 286 bushels and 10 pounds of wheat, and advertised and sold the same under said execution to the said attorney for the said Plano Manufacturing Company, the said G. R. Krause, for $134.50, and made his return on said execution of expenses in the sum of $52.40, and the balance of $81.90 was applied on said execution and judgment. That all the acts aforesaid were done maliciously and for the purpose of compelling the defendant to relinquish his claim to his exemptions. That thereafter this defendant brought an action against the said Den Donahoe, as sheriff, for the conversion of such grain, and and thereupon, and upon the 4th day of May, A. D. 1900, recovered a judgment against him for the value thereof in the sum of $148.75 and costs of suit in the sum of $40.18, and that said judgment was appealed to the Supreme Court of this state and there affirmed, and that, when the remittitur was received from the Supreme Court, a judgment was also entered against the said Den Donahoe, as sheriff, for the costs on appeal to the Supreme Court." That defendant's judgment against the sheriff was paid by the plaintiff, it having indemnified the sheriff; but, by reason of defendant's illegal arrest and the carrying away of his exempt property, he was put to great expense and inconvenience, having paid out the sum of $100 as attorney's fees in defending such criminal prosecution and securing the value of his property so taken from him.

To vacate the record of a satisfaction of judgment, either upon motion or in an independent action, involves the cancellation of a written instrument one of the recognized subjects of equity jurisdiction, and involves the exercise of a sound discretion. Whatever mode of procedure be pursued, the remedy sought is governed by equitable rules; the ultimate question being whether it it inequitable for the person relying thereon to avail himself of the entry of satisfaction. 2 Beach, Mod. Eq. § 552; 2 Freeman on Judgments, § 478a. Cases wherein such records have been vacated, or canceled,

are numerous; but none has been found strictly analogous to the one at bar. Here the entry was not procured through fraud or mistake. Defendant's property was sold by direction of the plaintiff, and the proceeds applied in payments of the judgment after due notice of the debtor's claim of exemption. It conclusively appears that the plaintiff acted knowingly, unlawfully, and maliciously, that it wrongfully put the defendant to great expense and inconvenience, and that the parties would not be restored to the position they occupied prior to the entry of satisfaction. True, the plaintiff paid the judgment recovered against the sheriff for the conversion of the property sold, and it may have gained nothing by the sale, but it cannot be said that the defendant lost nothing, because he was compelled by the plaintiff's wrongful conduct to expend more in defending his rights than the amount of the judgment.

Such being the undisputed facts, it clearly would be inequitable to restore this judgment, and the learned circuit court was justified in refusing to do so. Its order is affirmed.

CORSON, J., not sitting.