[Civil No. 1412.   Filed May 4, 1915.]

[148 Pac. 297.]

## T. R. BRANDT, Appellant, v. W. K. MEADE, Appellee.

1. LIMITATION OF ACTIONS—PLEADING—AMENDMENT OF PLEADING.—In an action on a judgment, defended on the ground that the judgment had been satisfied by a sale of the land mortgaged to secure the note on which the judgment was obtained, pursuant to a foreclosure decree, and that a certificate of sale and a sheriff's deed had been issued to the mortgagee, a reply alleging that prior to the foreclosure sale the property and the interest of the mortgagor therein had been sold in a partition suit, and the mortgagor's share of the

proceeds of the sale paid to him; that the purchaser at the partition sale brought an action against the mortgagee, in which she obtained a decree annulling the foreclosure decree and canceling the certificate of sale and deed to the mortgagee, and quieting her title in the property, but leaving the personal judgment against the mortgagor in force, which allegations were incorporated in an amended complaint after the striking of the reply, did not set forth a new cause of action so as to be barred by limitations, nor convert the cause of action set forth in the original complaint into a new or different cause of action, nor constitute a departure from the complaint, but stated facts necessary to support the complaint.

2. EQUITABLE ACTIONS—PLEADING AND PRACTICE.—Where, in an action on a judgment, an amended complaint states facts sufficient to constitute a cause of action for debt on judgment, and also states facts sufficient to justify the cancellation of a satisfaction by a foreclosure decree of the judgment sued upon, the court in granting relief may order a cancellation of such satisfaction in the action brought for debt on the judgment, since it is the practice in this jurisdiction to commingle actions in law and in equity.

3. MORTGAGES—FORECLOSURE—SETTING ASIDE.—Where prior to the foreclosure of a mortgage on the interest in land of a tenant in common, and a sale of such interest to the mortgagee for the amount due, the land had been sold at partition sale, and the mortgagor's share of the proceeds of the sale paid to him, the satisfaction of judgment under the foreclosure proceedings will be set aside and canceled, and the plaintiff in judgment will have his judgment restored to him, for it would be inequitable to allow the mortgagor to avail himself of the satisfaction, since its effect would be a cancellation of his debt for no consideration.

[As to foreclosure sale as passing title of all parties, see note in Ann. Cas. 1914D, 283.]

APPEAL from a judgment of the Superior Court of the County of Cochise. A. C. Lockwood, Judge. Reversed and remanded, with instructions to enter judgment for plaintiff.

Mr. H. L. Pickett and Messrs. Doan & Doan, for Appellant.

Mr. S. L. Kingan and Mr. J. T. Kingsbury, for Appellee.

CUNNINGHAM, J.—The plaintiff, T. R. Brandt, commenced this action on the twentieth day of February, 1913, seeking to recover a judgment against W. K. Meade. The complaint set forth a judgment in the sum of $2,552.42, with interest at the rate of 7 per cent from the date of the judg-

ment, and costs in the sum of $11, recovered by the plaintiff, Brandt, against the defendant, Meade, on the twenty-seventh day of February, 1908, in the district court of the second judicial district of the territory of Arizona, in and for Cochise county, in case numbered 5160 in said court, as a cause of action, and alleges that no execution has been issued on the judgment within 12 months of its rendition; that no part of the judgment has been paid, and that there remains due, owing and unpaid, principal and interest, the sum of $3,453.79, and $11 costs; that the plaintiff is the owner and holder of said judgment, and prays for judgment accordingly.

Defendant demurred and answered, admitting the rendition of the judgment as alleged in the complaint, but pleaded satisfaction and discharge of the judgment, accomplished by a sale of property mortgaged by the defendant to the plaintiff to secure the payment of the note upon which the judgment was based; a foreclosure of the mortgage and an order of sale of the property; a sale under the order by the sheriff of the county on the twenty-first day of March, 1908; the purchase of the property by the plaintiff, judgment creditor at said sale; the issuance to plaintiff of a certificate of sale, and on the thirtieth day of December, 1908, the issuance to him of a sheriff's deed, and the recording by plaintiff of the certificate and deed. It is further alleged by defendant:

"That at the time of the said sale . . . that the said Brandt knew that the suit for the partition of the . . . property [under mortgage] had been filed; that the said Brandt knew all facts in regard to the title of the said property and all proceedings in regard thereto, and that said T. R. Brandt bought said . . . property with full knowledge of all the facts in regard to the title; . . . and, further, that the said T. R. Brandt . . . accepted the sheriff's deed to the . . . premises, and he himself . . . placed said sheriff's deed . . . of record in the office of the county recorder, . . . and caused the said deed to be recorded."

Defendant alleges that the sum bid by the judgment creditor and the price for which the property was sold was the full amount of the judgment and costs, "and satisfied said judgment in full," and that the judgment "has been fully paid and satisfied in full; and, further, that the defendant is

not indebted to the plaintiff in the sum" demanded, "or in any sum or sums whatever."

The answer, if any defense, may be designated as a defense setting up payment or satisfaction and discharge of the judgment sued on.

"If the defendant desire to prove any payment, counterclaim or setoff, the same shall be plainly and particularly described in the answer, so as to give the plaintiff full notice thereof." Paragraph 483, Civil Code 1913; paragraph 1366, Civil Code 1901.

In this answer defendant plainly and particularly describes the payment or satisfaction relied upon, as arising from the execution by the sheriff of an order of sale made in the cause, whereby property mortgaged was ordered sold to satisfy the judgment, alleging that in executing the said process, the sheriff duly sold the property described in the order to the plaintiff in the cause for the amount of the judgment and costs; that a certificate of sale was issued to the plaintiff as the purchaser at said sale; that in due time the sheriff executed and delivered to the purchaser a deed, and the purchaser caused the deed to be recorded. To give these facts the greatest effect possible in defendant's favor, they set forth *prima facie* a defense to the cause of action asserted. Standing alone, they controverted only the allegations of the complaint that the judgment remained unsatisfied. Clearly, the answer is one in confession and avoidance. The facts thus stated were new matters calling for a reply.

The alleged fact that Brandt knew and had full knowledge of all the facts regarding the title to the property sold and purchased, and all the proceedings in regard thereto, adds nothing whatever to the matters of defense; the law charged him with such notice. The allegations of the answer that the judgment was "satisfied in full," standing alone, were mere conclusions of law from the facts stated, and add nothing to the facts pleaded upon which the defendant must rely and which he must sustain by proof. The further allegation "that defendant is not indebted to the plaintiff in the sum of $3,453.79 [the sum claimed] or in any sum or sums whatever" puts in issue no fact. *Lake* v. *Steinbach*, 5 Wash. 659, 32 Pac. 767. The court said:

"The denial of indebtedness is merely a denial of a legal conclusion, and is permissible only in cases where indebtedness is pleaded as a fact, without showing how it arose."

Plaintiff replied to the answer admitting that the judgment sued on was based upon a note made by the defendant, and its payment was secured by a mortgage upon real property described in the answer, alleging:

That plaintiff recovered judgment on the said note, being the judgment described in the complaint; and said judgment "included a decree of foreclosure of said mortgage, and under that judgment and decree the sheriff of this county purported to . . . sell said property, and at said purported sale the said property was struck off and pretended to be sold to T. R. Brandt, the plaintiff herein, for the sum of $2,781.11, on March 21, 1908, and the sheriff's certificate therefor was issued to him by the said sheriff of this county, purporting to certify to the facts relative to said sale."

In avoidance of such admissions plaintiff alleged in his said reply:

"That prior to the said purported sale, and on March 5, 1908, the said property, and all of defendant W. K. Meade's interest therein, had been regularly and legally sold under order of the district court of the second judicial district of the territory of Arizona, in and for Cochise county, in case No. 3374, in which case Electa Scribner and M. D. Scribner were plaintiffs and William K. Meade and Helen S. Meade were defendants; that the said William K. Meade is the defendant who is named herein as W. K. Meade; that said case was transferred . . . to the county of Maricopa, . . . and the final judgment therein under which said sale was made on March 5, 1907, provided for the sale of said property through a commissioner; that at the said sale made by said commissioner the said M. D. Scribner was the purchaser, and thereafter in due course a deed was properly issued and delivered by said commissioner to said M. D. Scribner, and duly recorded; . . . that thereafter said M. D. Scribner, the purchaser, conveyed said property to Emily C. Scribner."

It is then alleged that of the proceeds of the sale of March 5, 1907, the sum of $2,730.23 was paid to W. K. Meade and received by him as the value of his interest in the property sold, and that Meade knew that the mortgage upon said prop-

erty sold was not then due, and that the same was unpaid. After the property was again sold under the mortgage foreclosure proceedings, to T. R. Brandt, and he had received his sheriff's deed, Emily C. Scribner brought an action against Brandt to quiet title to said property and to cancel of record the said certificate of sale and sheriff's deed, and remove the cloud cast on her title by said decree and recorded instruments. This action resulted in a decree annulling the decree of the court foreclosing the said mortgage, and canceled the said certificate of sale and deed thereunder, and quieted the title of the plaintiff to the property, but saving and excepting expressly from the effects of such decree the personal judgment here sued upon, in these words: "But that the personal judgment rendered in said action in favor of said Brandt against said Meade shall be in no way disturbed by this decree."

As a closing paragraph of this reply the plaintiff alleges: "That the plaintiff herein has at no time received payment of said judgment or any part thereof, nor has he in any manner satisfied or discharged the said judgment against W. K. Meade, defendant herein, and as sued on herein."

The defendant's answer, given the effect *supra,* sets forth facts which, if established, constituted of record satisfaction of the judgment sued on. Plaintiff in his reply confessed these facts, and sought to avoid their effect by showing that the facts pleaded in defense to the complaint did not have the effect to pay or satisfy his judgment, for the reason the foreclosure decree and all things done carrying it into effect had been nullified by the judgment of a court of competent jurisdiction before this action was commenced, and also that the matters pleaded failed to accomplish the purpose of payment or satisfaction as they appear, and when the suit was commenced they did not, in fact, exist. The issue thus framed was clear cut, viz.: Did the judgment sued on remain satisfied of record by the foreclosure of the mortgage and the proceedings thereunder? If the sale and the sheriff's deed made in that proceeding were conclusive evidence of satisfaction of the judgment debt while they remained uncanceled, plaintiff admitted their existence as a fact, was bound by the record, and could not recover. If they were nullified of record, plaintiff, in order to recover, must lay the predicate

to show by the record that their effect as a satisfaction of the judgment was avoided; then plaintiff's admission of their existence as a fact did not conclude plaintiff from setting up facts that would explain and avoid their effect of satisfying the judgment.

The pleadings standing in such condition, the defendant moved to "strike from the files of this cause . . . the amended reply of the plaintiff" upon the grounds that the "said reply is not proper pleading, for the reason that the answer of the defendant herein sets up no new matter, but is matter of defense, and special defense only, and consists of a denial of the allegations of plaintiff's complaint; and for the further reason that said amended reply constitutes a departure from the original cause of action to a different and distinct cause of action from that set up in plaintiff's complaint herein."

The court granted the motion, and ordered the plaintiff's reply stricken, and granted leave to the plaintiff to amend his complaint, and the defendant was granted leave to answer.

This order is the basis for the first assignment of error. The questions raised by this ruling were waived upon the filing by the plaintiff of his amended complaint; the amendment consisting of adding to his original complaint substantially every matter pleaded by the plaintiff in his reply. The defendant answered asserting as a first defense that the complaint contained two causes of action, one an action of debt on the judgment, and the other set forth in the amendment added to the original complaint stated a cause of action to set aside the satisfaction of a judgment satisfied by a foreclosure and sale of property, and, as another defense, setting up paragraph 2959 of the Civil Code of 1901, as a bar, alleging that before plaintiff could set forth a cause of action upon the judgment sued on it was necessary to set aside the sale under foreclosure, and, when the plaintiff by his amendment first set forth the facts justifying the court in setting aside the foreclosure proceedings, plaintiff for the first time set forth a cause of action, and then the bar of the statute was complete. This contention is without merit, for a number of reasons: First, because the facts stated in the return of the sheriff are only *prima facie* evidence of the facts therein stated (we will discuss this question later) ; second, because the foreclosure decree and proceedings had thereunder ceased

to exist for any purpose after they were set aside. No de-
fense could be predicated upon them, because they did not
exist.

To be available as a cause of action the judgment (sued on)
must be a definitive and personal judgment for the payment
of money, final in its character, and not merely interlocutory,
remaining unsatisfied, and capable of immediate enforcement.
23 Cyc. 1503.

The allegation of the complaint "that no part of said judg-
ment (sued on) has been paid, and that there is now due and
owing from the defendant to the plaintiff on said judgment
the principal and interest," is a sufficient allegation that the
judgment remains unsatisfied.

The defendant in his motion to strike the reply assigns as
a reason why the reply is not proper pleading: "That the
answer of the defendant herein sets up no new matter, but
is matter of defense, and special defense only," etc.

The reason thus given is clearly a reason requiring a reply.
Special defenses are essentially new matters calling for a
reply where the existence of the facts therein set forth is con-
troverted by the plaintiff. In *Benicia Agricultural Works* v.
*Creighton,* 21 Or. 495, 28 Pac. 775, 30 Pac. 676, the supreme
court of Oregon said:

"The plaintiff cannot, by alleging in his complaint that no
payments have been made [on a judgment declared on as a
cause of action], anticipate this defense [of payment], and
thus relieve himself from the necessity of replying to it, when
it appears in the answer."

Matters in satisfaction and discharge of a judgment pleaded
as a defense are essentially matters of special defense, and
cannot be anticipated in the complaint relieving the plaintiff
from the necessity of replying thereto when such defense
appears in the answer.

The test as to whether the new facts should be specially
pleaded is said to be found in the questions:

"Not whether they tend to show a nonliability, either as
affecting the original validity of a contract which may be in
suit or as going to its discharge, but whether the statement
of the opposite party is true. He does not allege a liability,
but facts. These facts will, of course, show a liability, and
the defendant's nonliability is predicated only upon their

untruthfulness, or upon new facts which admit their truth, but which shield him from their consequences; and it cannot matter whether these new facts show that he was never liable, or that he has been discharged. . . . So, in an action upon a judgment, the allegation of its recovery, and the production in evidence of the judgment-roll, makes a case for the plaintiff; if it has been subsequently vacated, it is new matter of defense.'' Bliss on Code Pleading, 3d ed., sec. 352, p. 516, citing *Carpenter* v. *Goodwin,* 4 Daly (N. Y.), 89.

In *Greenway* v. *James,* 34 Mo. 326, 328, it is said:

"Where a cause of action which once existed has been determined by some matter which subsequently transpired, such new matter must, to comply with the statute, be specially pleaded; but, where the cause of action alleged never existed, the appropriate defense under the law is a denial of the material allegations of the petition; and such facts as tend to disprove the controverted allegations are pertinent to the issue.''

If defendant's answer setting forth matters transpiring subsequent to the rendition of the judgment can be regarded only as matters of denial of the rendition of the judgment, the existence of the cause of action, the judgment, then, of course, no reply was necessary, as the issue was thereby made one of truth of the allegations of the complaint. The question of the satisfaction and discharge of the judgment would not be involved in such issue, for the reason such matters as would operate to satisfy and discharge a judgment must have necessarily arisen at a time subsequent to the rendition of the judgment, and, in order to operate as a satisfaction and discharge, there must have been a valid judgment to operate on. The reasons assigned by the defendant for the motion are ample grounds for its overthrow. Clearly, the court erred in granting defendant's motion to strike the reply for the reason the reply was necessary to support plaintiff's complaint, and set forth no matters inconsistent with the complaint.

The error thus committed by the court became harmless, however, for the reason the plaintiff availed himself of the leave granted, and amended his original complaint by adding thereto substantially all of the averments set forth in his said reply. True, such matters clearly anticipated the defense, and sought to avoid it, and ordinarily, when so placed in the complaint, and not in the reply, will, upon motion, be stricken

as matters immaterial, or they will be disregarded as surplusage, and will not relieve the plaintiff from the necessity of replying to an answer setting up the anticipated defense; but in this instance no such motion was made, and the defense was treated as if replied to, and justice and fair dealing would require that such matters should be so treated on this appeal because to permit the defendant to prevail, upon the motion, when such cause is clearly error, and strike out the proper reply, and thereafter condemn the plaintiff to the advantage of the defendant, for the reason plaintiff failed to do the thing he was prevented from doing, would be unjustifiable, to say the least. So far as this case is concerned, we will treat the pleadings as complaint, answer, and reply thereto, giving them effect as such without regard to their position in the documents or the designation given to the documents by the pleader. In other words, we will treat as a reply that part of the complaint as filed setting up matters in their nature belonging to, and properly pleadable as, matters of reply, although designated in the amended complaint as a part of that complaint. The questions based upon the pleas of the statute of limitations and the contention of defendant that the reply constitutes a departure are disposed of adversely to defendant's contention by the reasons given above, viz.: That the special defense pleaded in the answer is essentially new matter calling for a reply, and the reply filed is in support of the complaint, and does not set forth a new cause of action, nor convert the cause of action set forth in the original complaint into a new, separate or different cause of action.

The vital question discussed by the parties may be stated as whether the foreclosure proceedings had the effect of discharging the judgment, which the foreclosure was intended to satisfy and discharge. This question is not raised on the record, for the reason the complaint sets forth a judgment as a cause of action, the answer confesses the judgment pleaded, and in avoidance sets forth the decree of foreclosure and proceedings had thereunder resulting in a sheriff's deed to the property mortgaged to secure the payment of the note, the basis of the judgment, and the reply of the plaintiff confessing the decree of foreclosure and the proceedings had thereunder resulting as alleged in the answer; but, in avoidance

of such defense, plaintiff sets forth the fact that the foreclosure decree and proceedings thereunder, including his sheriff's deed, were canceled and annulled by the decree of a court of competent jurisdiction, for the reason and upon the grounds that the said foreclosure decree upon which the subsequent proceedings were had was void, because before it was rendered the mortgage lien on the property had ceased to exist, and all the rights in the property mortgaged, theretofore owned by the defendant, had been divested by a court of competent jurisdiction, by a sale in partition, and that defendant had received in lieu of his share of the property in the real estate his share of the proceeds of such sale. To meet this reply, defendant contends that plaintiff knew all the facts regarding the title to the property and the partition suit at the time he commenced the action which resulted in the judgment sued on, and the foreclosure · proceedings were prosecuted by the plaintiff after he had full knowledge of such facts, and concludes that the judgment sued on was therefore satisfied in full. Such position is no answer to the reply, made no issue for trial, and perhaps was not necessary if the defendant could not controvert the alleged fact that the foreclosure proceedings had been decreed to be void and actually annulled by such decree. The only fact for determination was whether a decree so setting aside the decree of foreclosure and proceedings thereunder exists as a matter of fact. The record of the decree, or an exemplified copy of that record, was necessary and competent evidence to establish the fact. Defendant seeks to avoid the effect of the said decree by asserting that he was not a party to that action, and was therefore not bound by the decree. The decree acted, however, upon the *res,* the foreclosure decree, and all proceedings had pursuant thereto, and affirmatively set aside that proceeding because it was void and canceled of record the instruments, the only evidence of the facts relied upon by the defendant as his sole defense here. Can a party be permitted to use as evidence of his defense matters that once existed, but that have been solemnly determined, by a court of competent jurisdiction acquired over them as the subject matter of an action, that they are void and canceled, simply because the party wishing to rely upon them as a defense was not made a party to the cause in which they were canceled? We think not.

When the court decreed that the foreclosure decree and pro-
ceedings had thereunder were void, and canceled the certifi-
cate of sale and deed, those things so acted upon were thereby
obliterated for all purposes, because the court had the neces-
sary power to hear and to determine the question of their
validity, and that determination was valid and binding, and
remains in force unreversed. It would be a strange rule of
law if, when the foreclosure proceedings had once been an-
nulled by a decree of a competent court having jurisdiction,
that would require or permit the annulled proceedings to be
introduced in every succeeding lawsuit as vital living things
of evidence, unless the person relying on or wishing to rely
on them was made a party of record to the cause in which the
annulling decree was entered.

"It is a well-established rule that the records of a court
of justice import absolute verity, and no one, whether or not
a party to the proceeding in which it was made, may in a col-
lateral proceeding impeach it by adducing evidence in denial
of the facts of which it purports to be a memorial." 16 Cyc.
684.

The fact of which the annulling decree purports to be a
memorial is that the foreclosure decree and all proceedings
had thereunder are void. This action is without doubt col-
lateral to that decree, and, applying the rule, the defendant
could not adduce evidence to impeach the fact. Of course,
if a stranger to a judgment or to a decree can show that his
rights have been prejudiced or injuriously affected by the
judgment or decree rendered in a cause to which he was not
a party, or in which his interests were not represented, then,
by showing that his rights were prejudiced or injuriously
affected by the judgment, such judgment is not binding on
him.

The rule is stated in 23 Cyc. 1068, thus: "A stranger to
the record who was not a party to the action in which the
judgment was rendered, nor in privity with a party, is not
prohibited from impeaching the validity of the judgment
in a collateral proceeding; but, in order to do so, he must
show that he has rights, claims, or interests which would be
prejudiced or injuriously affected by the enforcement of the
judgment, and which accrued prior to its rendition. Thus
situated, he may attack the judgment on the ground of want

of jurisdiction, or for fraud or collusion; but he cannot object to it on account of mere errors or irregularities, or for any matters which might have been set up in defense to the original action."

If defendant's entire interest, claim, estate and property was divested by the commissioners' sale of the mortgaged property in partition on March 5, 1907, and defendant received his share of the proceeds of that sale in money in lieu of the specific property, the lien of the mortgage was extinguished by the sale, and thereafter defendant retained no rights, claims or interests in the real estate described in the mortgage which could be prejudiced or injuriously affected by a decree thereafter rendered purporting to foreclose the mortgage. Certainly he had no rights, claims or interests which could be prejudiced or injuriously affected by the enforcement of the foreclosure decree, but the purchaser of the property described in the mortgage, sold at the partition sale, had rights, claims or interests which were prejudiced by the foreclosure decree and proceedings had thereunder, because an apparent cloud was cast upon the title acquired by such purchaser at such partition sale, and the purchaser was entitled to have that cloud removed from his title; the lien of the mortgage having been extinguished by the partition sale.

We repeat that the only issue of fact made by the pleadings is whether there exists a judgment record setting aside the decree of foreclosure including a cancellation of the proceedings had under the decree of foreclosure. This record contains such a decree rendered on the thirteenth day of February, 1909. This decree was affirmed by the supreme court of the territory of Arizona, April 2, 1910, as reported in *Brandt* v. *Scribner,* 13 Ariz. 169, 108 Pac. 491. This evidence is conclusive of the issue in favor of the plaintiff in this case, and a judgment lien in favor of the defendant is not sustained by, but is contrary to, the evidence.

The appellee states that the following questions or points are involved in the case, viz.:

"Does a purchaser at a public sale of property under execution, and who is the judgment creditor, have a right of action, in the event of the failure of title, to set aside the satisfaction of judgment?"

The appellee's counsel have earnestly and with great ability proceeded to argue this question, and by the citation of many authorities on the point conclude that such a purchaser has no such right of action in the event the title to the property purchased fails, citing 23 Cyc. 1491; Black on Judgments (without page); *Waller* v. *State,* 89 Ala. 79, 8 South. 153; *Freeman* v. *Caldwell,* 10 Watts (Pa.), 9, 10; *Vattier* v. *Lytle's Exrs.,* 6 Ohio, 477, 482; *Durbin* v. *Fisk,* 16 Ohio St. 533, 538; *Halcombe* v. *Loudermilk,* 48 N. C. 491, in support of the contention. Some of the authorities cited seem to support the position taken, but have no application to this record, for the reason the matters purporting to satisfy this judgment were canceled and set aside by à judgment before this action was commenced. The sale on execution was held invalid by reason of a mistake in making the order of foreclosure; therefore the judgment creditor's title did not fail, he never acquired any title subject to a failure, and the judgment was therefore not discharged by the sale. The authorities cited do not controvert this position, but support it.

The next point made is stated thus: ''If a purchaser, in such case, is entitled to a cancellation of satisfaction of judgment, may he bring suit in debt on the judgment without having the satisfaction set aside? In other words, may a judgment creditor who has caused his debtor's property to be sold, and has purchased it, and the sheriff has made return fully satisfying the judgment, have execution issued on the judgment or have it revived, without first setting aside or canceling its satisfaction?''

It is argued in support of appellee, first: ''A satisfaction of judgment, as we have seen, wipes out the judgment, and hence no action can lie upon a satisfied judgment, for the reason that there is no judgment''—citing 19 Ency. Pl. & Pr. 119.

Here again this question has no application to the judgment sued on, because the foreclosure decree and proceedings were canceled. The judgment sued on does not appear of record to be satisfied. On the other hand, it affirmatively appears of record that it is not satisfied by the foreclosure decree and proceedings thereunder.

In *Fish* v. *Sawyer,* 11 Conn. 544, 545, it is held that debt on a judgment will lie where an execution has been levied

irregularly without producing satisfaction, and, where the debtor's interest in land levied on was an undivided moiety in fee, subject to a life estate of another person in an undivided third part of the whole, unencumbered, that the levy was void. In *Cowles* v. *Bacon,* 21 Conn. 451, 56 Am. Dec. 371, it is said:

"The practice has uniformly been in conformity with the principle that, where there is no real, but only an apparent, satisfaction of the execution issued on a judgment, by reason of a mistaken or fruitless levy on lands, debt on judgment, as well as *scire facias,* may be brought to obtain satisfaction. The course of the authorities on this subject is given in the case of *Fish* v. *Sawyer,* 11 Conn. 545, in which we understand the court to approve and establish that practice, and to decide that in all cases debt on judgment lies where an execution is fruitless, by reason of a mistaken or void levy on land. And we see no just reason for the limitation of this principle for which the defendant contends, by which it should be held nor to apply to cases, where, as in the present, the plaintiff's testator, when he caused his execution to be levied, had notice from the records, or otherwise, that the defendant had executed a conveyance of the land levied on, but erroneously supposed that such conveyance was fraudulently made, and was therefore, as to him, void. Such a mistake constitutes no just reason why the defendant should not pay the unsatisfied balance of the debt. The former neither got, nor did the defendant lose, anything, by this mistaken levy. Is the latter to go quit of his obligation, when it has not been discharged, by any mode known to the law, and therefore remains in full force, merely because the former has acted on a mistaken belief that the land levied on belonged to the defendant, and not to the person to whom he had ostensibly conveyed it? Or is the former to be thus punished, by a forfeiture of his debt, for the benefit of his debtor, for erroneously supposing that such conveyance was actually or constructively fraudulent, and as to himself void, and for trying to avoid it? It must, indeed, be some very stubborn rule of law which would be held to produce such an unrighteous result. Nor on this point can the grounds on which the testator formed his opinion be examined for the purpose of determining whether he had reasonable cause for it, or whether such opinion was really

entertained or not, because it has no bearing on this question of right and justice between these parties."

In *Clarkson* v. *Beardsley,* 45 Conn. 196, the action was debt on a judgment. An execution had been issued on the judgment which was levied on certain lands belonging to one of the judgment debtors, which lands were a part of the estate of the said judgment debtor's deceased father. The execution was returned satisfied. It thereafter appeared that the lands were subject to the debts and charges due from the estate. The court of probate ordered the sale of so much of the real estate of the deceased as would raise the sum sufficient to pay the said debts and charges. Pursuant to the order the land upon which the execution was levied was sold, and a deed was executed and delivered to the purchaser. Upon these facts judgment was rendered for the plaintiff. The plaintiff claimed that the judgment was not satisfied by the levy of the execution, and the court sustained that claim. The court on appeal said:

"It must be conceded that, if the order of sale and the proceedings under it were valid, the title acquired by . . . [the purchaser] by her deed from the executrix was superior to the title acquired by the levy. In that event the plaintiff takes nothing by the levy. . . . As it was clearly competent for the court of probate to pass an order of sale, and no question of jurisdiction arises, we are unable to see how the order can be attacked in this collateral manner."

The decision is one holding that, the levy of an execution proving to be fruitless, the judgment was unsatisfied, and an action of debt upon it could be maintained.

The same rule is recognized in *Greene* v. *Hatch,* 12 Mass. 195, thus:

"David Greene was the debtor of Hatch in a large sum of money. Hatch recovered judgment against him, and levied his execution upon land supposed to be Greene's, and the judgment was believed to be satisfied. But the title to a part of the land levied on was not in David Greene; so that in that part nothing passed to Hatch by the levy. He has since been evicted by those who had the title. He has brought his action upon the judgment, and has recovered a sum equal to the value of the land so levied upon by mistake."

XVII Ariz.—4

If we adopt the rule contended for by the appellee, and make the return of the sheriff of an execution conclusive upon the parties to the case in which the execution was issued, until it is set aside by competent authority, then we would be compelled to disregard paragraph 1088 of the Civil Code of 1901, carried forward as paragraph 2541 of the Civil Code of 1913, as follows: "The return of the sheriff, upon process or notices, is *prima facie* evidence of the facts in such return stated."

That an order of sale issued upon foreclosure of a mortgage is "process" within the said statute cannot be doubted. Paragraph 2536, Civil Code 1913. Evidence impeaching the return of the sheriff is therefore competent to avoid the facts stated therein, and the sheriff's return is not conclusive upon this plaintiff, had the decree of foreclosure not been expressly nullified by a decree of the court. If it be conceded that the weight of authority outside of this jurisdiction establishes the rule that a judgment is conclusively satisfied of record when the return of the sheriff on an execution issued on such judgment shows as a fact it is satisfied, yet in this jurisdiction by statute the return, at most, is only *prima facie* evidence of the fact stated therein, and therefore may be controverted without a direct attack thereon for the purpose of setting it aside.

The judgment is reversed and the cause remanded, with instructions to enter judgment for plaintiff and take further proceedings as the law requires not inconsistent with this opinion.

ROSS, C. J., Concurring.—Out of the mass of facts in this record the essential and material ones for an understanding and decision of this case are, briefly: Appellee, Meade, and one Scribner were tenants in common in the ownership of real estate in the city of Tombstone. Pending a suit instituted by Scribner for partition, Meade borrowed from appellant, Brandt, a sum of money evidenced by his promissory note, and secured by a mortgage of his interest in the common property of himself and Scribner. The Scribner-Meade suit went to judgment, in which the common property was ordered sold. At the sale Scribner purchased the Meade interest for $2,730.23 (which was paid to Meade), and became the owner

of the whole estate, upon which Meade had given a mortgage
to Brandt.   Thereafter Brandt brought suit to recover on his
note and mortgage, had judgment of foreclosure, order of sale
under which the property was sold to Brandt for the amount
of his judgment, interest and costs.   The sheriff's return of
the order of sale showed what was done, and stated that the
writ had been satisfied.   In due course sheriff's deed was
issued to Brandt and by him placed of record.   Thereafter
the wife of Scribner, to whom the property had been con-
veyed, instituted suit against Brandt to remove the cloud on
her title created by the sheriff's deed to Brandt, and to quiet
title as against Brandt.   In this suit the issue was what, if
any, rights Brandt obtained by virtue of his mortgage from
Meade; it being given pending the partition suit and with
notice.   This issue was decided adversely to Brandt; the court
holding that he took the mortgage with notice, and subject
to any right growing out of the partition suit.   The certifi-
cate of sale and deed of Brandt were ordered canceled, and
the title of Scribner was established and quieted, but the per-
sonal judgment against Meade was expressly preserved and
continued by this language in the decree, to wit: "But that
the personal judgment rendered in said action in favor of said
Brandt against said Meade shall be in no way disturbed by
this decree."

This last case was appealed, and may be found in *Brandt
v. Scribner,* 13 Ariz. 169, 108 Pac. 491.

The chronology material is: Brandt-Meade judgment was
obtained February 27, 1908.   Sale and satisfaction thereunder
was made and entered March 21, 1908.   Scribner-Brandt
judgment is dated February 13, 1909.   The present suit was
instituted February 20, 1913.   There seems to be a superero-
gation of pleadings in the case.   The first complaint set forth
an action of debt upon the judgment obtained by Brandt in
the Brandt-Meade suit.   The defendant answered setting up
the sale and purchase of the property thereunder by Brandt
as full satisfaction and discharge of the judgment sued on.
To this answer plaintiff, Brandt, replied, setting forth the
Scribner-Brandt judgment that had canceled his certificate of
sale and judgment and deprived him of all his security.   The
defendant's objection to the reply as being a departure was
sustained by the court, and the plaintiff granted leave to

amend his complaint to embrace the facts contained in the
reply. This the plaintiff did, and the case is here on the
amended complaint. To the amended complaint the defend-
ant answered, again setting up in bar the Brandt-Meade judg-
ment and proceedings thereunder, and, in addition, plead the
five year statute of limitation. The case was tried to the
court without a jury, and judgment entered for defendant,
on his plea of limitation.

I will consider the case under three propositions that are
comprehensive enough to cover all the errors assigned, and,
as well, the contentions of defendant appellee. The proposi-
tions are: (1) Had the statute of limitation run? (2) Was
it necessary that plaintiff first bring an action in equity to
set aside the satisfaction of the mortgage in the Brandt-Meade
suit, including the order of sale, certificate of sale and deed,
before instituting his action of debt upon the ,judgment?
And (3) Was plaintiff, upon the admitted facts, entitled to
any relief whatever?

Paragraph 2558 of the Revised Statutes ,of 1901, carried
forward in Civil Code as paragraph 1353, provides that: "No
execution shall be issued upon any judgment . . . unless . . .
an action of debt be brought thereon within five years from
the,date of such rendition and entry."

The complaint was filed seven days before the expiration
of five years from the rendition and entry of the judgment
upon which the action was brought. The complaint, however,
was not amended setting up the Scribner-Brandt judgment
that canceled his deed until January 6, 1914, and, if the
amendment had the effect of setting up a new cause of action,
it clearly was barred. I am of the opinion that the amend-
ment was simply an amplification of the cause of action, or,
more correctly speaking, an anticipatory explanation made
necessary by the court's ruling striking the same matter from
the reply as being a departure. The cause of action in the
original and amended complaint was debt on a judgment.
The explanation in the amended complaint of an abortive at-
tempt to collect the debt out of property in which the defend-
ant had no interest did not change the cause of action, but
only anticipated and explained why a defense not yet inter-
posed should not prevail as against his claim. This placing
of the cart before the horse, so to speak, was occasioned by

the defendant, and, of course, he could not now complain, nor does he complain. The court, the plaintiff, and defendant treated the amended complaint as the only proper way to present the question of plaintiff's right to recover, and the case should be disposed of here on the same theory.

It is the contention of defendant appellee that satisfaction of judgment resulting in the sale of the mortgaged property should have been set aside and canceled, either by an action in equity for that purpose or by motion; that the setting aside the satisfaction in the Scribner-Brandt suit, to which he was not a party, could not bind him.

Conceding all that is contended for, I am of the opinion that the amended complaint states facts sufficient to authorize a court of equity to set aside in this action the satisfaction entered in the *Brandt-Meade Case.* While the complaint does not pray for such relief, it is made to appear that nothing was realized by plaintiff by reason of his foreclosure proceedings and sale thereunder, and, indeed, that is admitted by defendant; his only contention being that the entry of satisfaction *ipso facto* put an end to plaintiff's demand, even though nothing had been realized. Considering, then, that the amended complaint set forth facts justifying the cancellation of the satisfaction of foreclosure proceedings, and facts constituting a cause of action for debt on the judgment, there is no reason why both may not be done in one and the same action. The commingling and administering law and equity is a common practice in this jurisdiction, whatever the rule may be in other jurisdictions.

If the amended complaint be so considered and treated, the question is: Should the satisfaction be set aside and canceled, and the plaintiff be given judgment as demanded, or should we refuse relief, and hold that his sale and foreclosure of the property under his foreclosure proceeding put an end to his demands? The courts, in answering the question, are pretty evenly divided.

Black on Judgments, section 1010, says: "But if the invalidity of the sale is attributable to the fact that the debtor had no title or interest whatever in the property sold, the more approved doctrine appears to be that, where the creditor himself purchased the property, the judgment is finally and irrevocably satisfied, and the law courts have no power to set

it aside or grant him relief. But this doctrine, it must be admitted, is opposed by a very respectable body of authorities. And, however it may be at law, the courts of equity will relieve a creditor from the consequences of his purchase at such an invalid sale.'' Section 478, Freeman on Judgments, 4th ed.; 23 Cyc. 1491.

In *Hollon* v. *Hale,* 21 Tex. Civ. App. 194, 51 S. W. 900, the execution creditor who had purchased the property under his sale presented the question we have here by motion to set aside and cancel the satisfaction on the ground that she got no title to the property. On the hearing of motion the court rendered judgment setting aside and canceling the satisfaction and revived the judgment. The judgment was affirmed on appeal, the court saying: ''We think it only equitable, where the defendant in execution has parted with nothing by the sale, that the plaintiff in judgment, who has acquired nothing by his purchase, should have his judgment restored to him as it was, previous to the sale and satisfaction.''

In the note to *Plano Mfg. Co.* v. *Thompson,* 21 S. D. 300, 130 Am. St. Rep. 722, 11 L. R. A. (N. S.) 396, 112 N. W. 149, the writer says: ''But it seems to be the rule by the weight of authority that satisfaction may be set aside in such cases''; that is, in cases where the property levied upon and sold is not, in fact, the defendant's property.

Some of the more recent cases sustaining this rule are *Bailey* v. *Buchanan,* 126 Mo. App. 190, 102 S. W. 36; *Osborne* v. *Wilson,* 37 Minn. 8, 32 N. W. 786; *Massie* v. *McKee* (Tex. Civ. App.), 56 S. W. 119; *Sturdivant* v. *Ward,* 90 Ark. 321, 134 Am. St. Rep. 32, 119 S. W. 247.

In *Bailey* v. *Buchanan, supra,* is contained this quotation from 19 Encyclopedia of Pleading and Practice, page 151: ''Although, as has been seen, there is much conflict upon the question whether the plaintiff, as purchaser, may obtain relief at law or not upon the purchase of lands to which defendant (in execution) had no title, the cases are unanimous in holding that relief may be had in equity.''

''To vacate the record of a satisfaction of judgment, either upon motion or in an independent action, involves the cancellation of a written instrument—one of the recognized subjects of equity jurisdiction—and involves the exercise of a sound discretion. Whatever mode of procedure be pursued,

the remedy sought is governed by equitable rules; the ultimate question being whether it is inequitable for the person relying thereon to avail himself of the entry of satisfaction. 2 Beach, Mod. Eq. Jur., sec. 552; 2 Freeman on Judgments, sec. 478a.'' *Plano Mfg. Co.* v. *Thompson, supra.*

In this case defendant lost nothing by the sale of the property, and the plaintiff gained nothing. In the circumstances it would be very inequitable to allow the defendant to avail himself of the satisfaction, as its effect would be a cancellation of his debt for no consideration.

For the reasons given, I concur in the order of Justice CUNNINGHAM.

FRANKLIN, J., concurs.