628 P.2d 42

REGIONAL INVESTMENT CO., a Missouri Corporation, Plaintiff/Appellee,

v.

SMK INVESTMENTS, INC., an Arizona Corporation, Defendant/Appellant.

2 CA–CIV 3656.

Court of Appeals of Arizona, Division 2.

Dec. 30, 1980.

Rehearing Denied Feb. 13, 1981.

Review Denied May 14, 1981.

Gillenwater & Meyers, P. C. by Howard C. Meyers, Phoenix, for plaintiff/appellee.

Ettinger & Deckter, P. C. by Nathan A. Parkey, Tucson, for defendant/appellant.

## OPINION

HOWARD, Judge.

The question raised in this appeal is whether a mortgagee is entitled to recover from the proceeds of a foreclosure sale for

sums it had expended to preserve the property subsequent to the judgment but prior to the sale. The facts necessary for a determination of this case are as follows.

Regional Investment Co. (Regional) filed a suit in the superior court to foreclose its note and mortgage. Named as parties were the mortgagors and the trustor and beneficiaries of a deed of trust which was subordinate to Regional's mortgage. The mortgage contained provisions for the payment of attorney's fees by the mortgagor in the event of any action on the note or mortgage. It also gave Regional the right to make necessary repairs to maintain the premises and to add such costs, along with taxes and insurance premiums paid by Regional, to the mortgage indebtedness.

No answers were filed by the defendants in the mortgage foreclosure action and on April 26, 1978, a default hearing was held resulting in the entry of a judgment of foreclosure on May 8, 1978, awarding Regional the sum of $18,322.67 for the total amount of principal, interest, court costs, expenditures and attorney's fees. The decree also gave Regional judgment for "... any sums thereafter paid by plaintiff for the preservation of the mortgaged premises until the expiration of the period of redemption."

On the date of the default hearing the real property subject to the mortgage was extensively damaged by fire. Regional received $8,293.64 in insurance proceeds and made necessary repairs to restore the property. Regional used its own funds to supplement the insurance money and incurred expenses for legal services in connection with the repair of the property.

Subsequent to the repairs being made, a sheriff's sale was held on January 9, 1979, and the property was sold for $23,500 to a third party purchaser. The sheriff's return of sale stated that Regional's judgment had been satisfied and that a surplus of $4,211.76 was recovered and deposited with the superior court clerk. Regional then filed a notice of claim for the surplus money on the ground that it was entitled to recover sums expended for the repair and preservation of the property and for attorney's fees in connection therewith. In addition, Regional claimed that there was a negative escrow balance of $1,474.62 for real property taxes and insurance premiums advanced by Regional over the last two years omit which remained due and owing.[1]

SMK Investments, Inc. (SMK) is the assignee of the deed of trust on the property.[2] It filed a petition for a distribution of the excess funds as senior lienholder, a position it claimed it acquired as the result of Regional having foreclosed its mortgage. The trial court awarded Regional attorney's fees in the sum of $1,546 which included sums expended to recover the insurance proceeds as well as those used to assert its claim to the surplus; $901 for carpet replacement; $1,454.62 for taxes and hazard insurance premiums, totalling $3,901.62. It also determined that SMK was a second lienholder, entitled to receive any proceeds in excess of the additional sums which it awarded Regional.

SMK contends that the sheriff's return conclusively established the amount due Regional and that Regional's judgment had therefore been satisfied. We do not agree. The sheriff's return of sale is not conclusive proof that Regional's judgment was satisfied. Cf., *Brandt v. Meade*, 17 Ariz. 34, 148 P. 297 (1915). The return indicating a surplus gives the trial court jurisdiction to make a post-judgment determination as to whether there is in fact a surplus and who is entitled to such funds. *Imperial-Yuma Production Credit Association v. Nussbaumer*, 22 Ariz.App. 485, 528 P.2d 871 (1974). We believe the trial court had jurisdiction to determine and allow for necessary expenses that were incurred by the mortgagee after the judgment.

Reimbursement for payments of taxes and insurance premiums amounting to $826.09 made prior to the entry of the

1. This included amounts due when the judgment was entered but not included in the judgment.

2. The assignment was executed on January 9, 1979.

default judgment cannot be had since they were not included in the judgment which is conclusive as to the sums due at the time of its entry. Regional is entitled to reimbursement out of the surplus proceeds for other expenditures incurred in preserving the real property. See *Major Capital Corp. v. 4487 Third Avenue Corp.*, 15 Misc.2d 1052, 182 N.Y.S.2d 848 (1959), and see also, 59 C.J.S. Mortgages § 797 at 1524–25.

■ The trial court did not err in granting Regional $500.00 for attorney's fees which were incurred to collect the fire insurance proceeds. Nor was there error in allowing $1,056.00 for attorney's fees in connection with its claim against the alleged surplus since both the note and mortgage provide for the payment of reasonable attorney's fees incurred to collect its debt.

The judgment is modified by reducing it $826.09 and is affirmed as modified.

HATHAWAY, C. J., and GILBERT VELIZ, Judge of Superior Court, concur.

NOTE: Judge JAMES L. RICHMOND having recused himself in this matter, Judge GILBERT VELIZ was called to sit in his stead and participate in the determination of this decision.